25881.   PARKER v. DAILEY, by Next Friend.

ARGUED JULY 13, 1970—DECIDED SEPTEMBER 10, 1970.

J: P. Cheney, Fulcher, Fulcher, Hagler, Harper & Reed, E. D. Fulcher, A. Montague Miller, for appellant.

Odom & Dendy, Thomas M. Odom, Florence Hewlett Dendy, William G. Grant, for appellee.

MOBLEY, Presiding Justice. This court granted certiorari to review the rulings of the Court of Appeals in this tort action. See *Parker v. Dailey,* 121 Ga. App. 507 (174 SE2d 273).

Teresa Dailey, by next friend, sued for damages for severe brain injuries sustained by her at a time when she was eight years old. She was found underneath an inflated truck tire, weighing 178 pounds, in an unpaved sidewalk area of a public street. Bert Cecil Parker, one of the defendants, operated a trucking company from his home in a residential area, and he personally placed the tire (which was found on the plaintiff) in a leaning position against the street side of a fence on public property, with the base resting some 8 or 10 inches from the fence. The defendant knew there were numerous children who played throughout this residential area. An expert witness demonstrated to the jury that it requires approximately 12 pounds of pressure to topple the tire when placed with its base some 10½ to 11 inches from the vertical, and 5½ pounds of pressure when its base is 8 inches from the vertical. There was no direct evidence as to how the tire came to be on the child.

The jury found a verdict for the plaintiff. The Court of Appeals affirmed the trial court in refusing to direct a verdict, or grant a judgment notwithstanding the verdict or new trial, in favor of Bert Cecil Parker. He contends in his application for certiorari that the Court of Appeals erred in affirming the denial of the motion for judgment notwithstanding the verdict and motion for new trial on the general grounds, and in approving certain charges of the trial court.

■ The trial court charged the jury on the doctrine of res ipsa loquitur as follows: "I charge you further you are instructed that the burden rests upon the party charging negligence to prove it by a greater weight of the evidence. However, you are instructed that whenever an instrumentality which pro-

duces an injury is shown to have been under the control and management of the defendants, and the occurrence is one which, in the ordinary course of events, does not happen if due care is used, then the fact that the occurrence took place and caused an injury will in itself be deemed to afford reasonable evidence to support an inference of negligence on the part of the defendants."

The expression "res ipsa loquitur" means that the transaction speaks for itself. It is a rule of evidence which allows an inference of negligence to arise from the happening of an event causing an injury to another where it is shown that "the defendant owned, operated, and maintained, or controlled and was responsible for the management and maintenance of the thing doing the damage," and "the accident was of a kind which, in the absence of proof of some external cause, does not ordinarily happen without negligence." *Chenall v. Palmer Brick Co.*, 117 Ga. 106, 109 (43 SE 443). The rule is one of necessity in cases where there is no evidence of consequence showing negligence on the part of the defendant.

It is our opinion that the facts of the present case do not make it one where the doctrine is applicable. If there was actionable negligence on the part of the defendant, there was direct evidence of it. The defendant admitted that he placed the tire against the fence in a leaning position. The question for the jury was whether this amounted to negligence under the circumstances.

The uncertainty in the case was the manner in which the injury occurred. The only evidence on this point was the physical evidence that the child was found in a seriously injured condition underneath the heavy tire. The tire was on a public sidewalk area, and it was not within the exclusive management and control of the defendant. Action by the child, or some action by an unknown person, could have caused the tire to fall on her.

"Where there is any intervention of an intermediary cause which produces or could produce the injury complained of, the doctrine of res ipsa loquitur is not applicable." *Miller v. Gerber Products Co.*, 207 Ga. 385, 388 (62 SE2d 174, 52 ALR2d 155); *Hospital Authority of the City of St. Marys v. Eason*, 222 Ga.

536, 541 (150 SE2d 812); *Quick Shops, Inc. v. Oldham,* 100 Ga. App. 551, 556 (111 SE2d 920); *Johnson v. City of Port Wentworth,* 119 Ga. App. 357, 358 (166 SE2d 830).

The trial court therefore erred in charging the doctrine of res ipsa loquitur.

■ The Court of Appeals recognized that the applicability of the doctrine of res ipsa loquitur was "questionable," but held that the charge was not harmful in view of the charge immediately following it: "I charge you that negligence on their part cannot be presumed merely because the plaintiff was injured, but the burden rests upon the plaintiff to establish negligence on the part of the defendants by a preponderance of the evidence, and if the plaintiff fails to do this, then your verdict should be for the defendants."

Where the maxim of res ipsa loquitur is applicable, it is merely a rule of evidence and it does not have the effect of shifting the burden of proof. *Palmer Brick Co. v. Chenall,* 119 Ga. 837, 842 (47 SE 329); *Augusta R. &c. Co. v. Weekly,* 124 Ga. 384, 386 (52 SE 444); *Macon Coca-Cola Bottling Co. v. Chancey,* 216 Ga. 61 (114 SE2d 517). The charge given on the burden of proof would have been applicable in the case even if the doctrine of res ipsa loquitur had been proper. The charge on the burden of proof did not render harmless the charge on res ipsa loquitur.

■ The rejection of the doctrine of res ipsa loquitur does not mean that the plaintiff could not prove her case in part by circumstantial evidence. We think the Court of Appeals properly held that the defendant was not entitled to a judgment notwithstanding the verdict, or to a reversal of the judgment denying him a new trial on the general grounds, or on the ground that the trial judge erred in other charges given.

*Judgment reversed. All the Justices concur, except Nichols and Hawes, JJ., who dissent.*