70030. MOLDEN et al. v. ATLANTA COCA-COLA BOTTLING COMPANY.
(333 SE2d 175)

MCMURRAY, Presiding Judge.

This appeal is from the order and judgment of the Superior Court of Fulton County, Georgia granting the motion for directed verdict of The Atlanta Coca-Cola Bottling Company (defendant) in an

action for damages arising out of personal injuries and loss of consortium brought by Gladys Molden and John B. Molden (plaintiffs). The facts at trial show that on December 23, 1977, Gladys Molden was at a Reed's Drug Store waiting in the prescription line when James Grimes, a child seven years of age, selected a one liter bottle of Sprite soft drink from a display shelf and dropped the bottle onto the floor. Upon striking the floor, the Sprite bottle broke propelling glass into Mrs. Molden's left ankle. (The evidence shows that Mrs. Molden was standing in an area near where the Sprite bottle broke.) In their complaint, the plaintiffs allege that the defendant negligently bottled the Sprite soft drink causing the bottle to "explode" when it hit the floor and propelling glass into the left ankle of Mrs. Molden. Upon the defendant's motion for a directed verdict, the plaintiffs argued that the defendant's negligence was evidenced by (1) the distance the glass travelled from the point of impact with the floor to Mrs. Molden's ankle, and (2) the exploding sound the bottle made upon hitting the floor. The trial court rejected this argument and directed a verdict for the defendant. The plaintiffs filed a motion for a new trial, which the court denied. *Held*:

The plaintiffs' only enumeration of error is that the trial court erred in granting the defendant's motion for directed verdict as proof of the defendant's negligence was established by application of the doctrine of res ipsa loquitur and that the evidence introduced did not demand a verdict for the defendant. We do not agree that the trial court erred. An essential element for applying the doctrine of res ipsa loquitur is that the injury must have been " 'caused by an agency or instrumentality within the exclusive control of defendant . . .' [Cit.]" *Atlanta Coca-Cola Bottling Co. v. Ergle*, 128 Ga. App. 381, 383 (2) (196 SE2d 670). In the case sub judice, the undisputed facts show that the soft drink bottle was dropped on the floor by a party other than the defendant. "Where there is any intervention of an intermediary cause which produces or could produce the injury complained of, the doctrine of res ipsa loquitur is not applicable. [Cits.]" *Miller v. Gerber Prods. Co.*, 207 Ga. 385, 388 (62 SE2d 174).

The plaintiffs argue that the dropping of the Sprite bottle by James Grimes was a "concurrent" rather than an "intermediary" cause, thus not precluding the application of the doctrine of res ipsa loquitur. This argument is without merit. Concurrent negligence is a " 'normal reaction to the stimulus of a situation created by negligence.' [Cits.]" *Hodge v. Dixon*, 119 Ga. App. 397 (162 SE2d 377). In the case sub judice, the dropping of the Sprite bottle by James Grimes was not a normal reaction to the alleged negligence committed by the defendant in bottling the soft drink. The intervention of James Grimes could have produced the injury to Mrs. Molden absent any negligence of the defendant. Therefore, we find the doctrine of

res ipsa loquitur is not applicable. Furthermore, after a review of the evidence presented at trial, we find that the trial court properly granted the defendant's motion for directed verdict as there was no evidence to support the conclusion that the plaintiffs' injuries were caused by the negligent bottling of the soft drink by the defendant.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED JULY 3, 1985.

*Tom Pye*, for appellants.
*W. Seaborn Jones, Judith I. Harris*, for appellee.