## 72011. JACKSON v. SIDES & POPE.
(344 SE2d 685)

DEEN, Presiding Judge.

The appellant, Fred Lee Jackson, brought this action against the appellee, Sides & Pope, P.C., seeking recovery for injuries he received when his vehicle collided with a trash container belonging to the appellee. This appeal follows from the trial court's grant of summary judgment for the appellee.

A private garbage collector picked up the appellee's trash twice weekly, and for that purpose provided the appellee with two trash

containers. Both were large and heavy plastic containers, equipped with lids and two wheels. The appellee normally kept these trash containers behind its business premises and moved them to the right-of-way in front of its premises on the afternoon before the scheduled collection day. This right-of-way was approximately 12 to 15 feet wide, one inch lower than the surface of the public road, was composed of sand and gravel, and had only a slight slope away from the road; the appellee always placed the trash containers approximately 8 to 10 feet from the public road to facilitate collection of the trash.

On the afternoon of December 10, 1984, an employee of the appellee placed the two trash containers on the right-of-way for collection on the following morning. In his deposition, this employee stated unequivocally that on this particular day the trash containers were full and difficult to move, and that he had placed them no closer than approximately 8 feet from the public road. The appellee had never discovered one of its trash containers in the road before. That night, as Jackson was driving on the public road, his vehicle struck one of the containers which was in the middle of the road, causing the vehicle to veer to the left and strike an embankment. Although there was some testimony that a strong wind might move an empty trash container, or that even a full container could be tipped over, the testimony of the appellee's employee about his placement of the trash containers was uncontroverted. *Held*:

The appellant contends that factual issues for jury resolution existed by virtue of the fact that the appellee's trash container was in the middle of the road on the night of December 10, 1984, and that the doctrine of res ipsa loquitur is applicable. He is mistaken. It was uncontradicted that the appellee placed its two trash containers approximately 8 feet from the road. The rest is mere conjecture. The appellant would have us speculate that the one trash container, despite being full and difficult to maneuver, manage to roll 8 feet over sand and gravel and onto the higher pavement until it finally came to rest in the middle of the road; the appellee suggests that a vandal placed the container in the road. We decline to indulge either speculation. The uncontradicted evidence demanded a finding that the appellee was not negligent, and the trial court properly granted summary judgment for the appellee.

*Judgment affirmed. Benham and Beasley, JJ., concur.*

DECIDED APRIL 7, 1986 —
REHEARING DENIED MAY 2, 1986 — ■

*John R. Francisco, Elizabeth R. Francisco*, for appellant.

*Robert C. Norman, Jr.*, for appellee.