[No. B017875. Second Dist., Div. Five. Sept. 4, 1986.]

DANIEL WILLIAMS, a Minor, etc., Plaintiff and Appellant, v.
BEECHNUT NUTRITION CORPORATION, Defendant and Respondent.

COUNSEL

Matz, Brody & Albert and Steven B. Effres for Plaintiff and Appellant.

Chettle & Valentine and A. B. Chettle, Jr., for Defendant and Respondent.

OPINION

EAGLESON, J.—Daniel Williams, through his guardian ad litem, appeals from a judgment of dismissal entered after a demurrer to his fourth amended complaint was sustained without leave to amend. Of primary concern is whether a glass juice bottle intended for use by infants can be considered a defective product because of its susceptibility to breakage and the resultant foreseeability of injury to its intended user. We answer in the affirmative and reverse the judgment.

### FACTS AND PROCEDURAL HISTORY

Daniel's complaint is comprised of four uncaptioned causes of action, the core allegations of which follow.[1] Daniel's parents purchased an eight-ounce bottle of apple juice to feed three-and-one-half-year-old Daniel. The bottle was constructed of glass, shaped like a "baby bottle," and was equipped with a screw top mouth that could accommodate "plastic and rubber type screw on nipples commonly used by infants to drink the liquid from the bottle." Additionally, the bottle was designed, manufactured, packaged, distributed and advertised by Beechnut Nutrition Corporation (Beechnut).

On the date it was purchased, the bottle was given to Daniel with the intention that he drink from it as a "baby bottle." Daniel fell while the bottle was in his possession. It broke into sharp pieces and cut his left wrist. As a result this action was commenced.

The trial court sustained Beechnut's general demurrer to the fourth amended complaint without leave to amend. The court relied upon the "reasons"

---

[1] "All material facts pleaded in the complaint and those which arise by reasonable implication are . . . deemed true. [Citation.]" (*Shurpin* v. *Elmhirst* (1984) 148 Cal.App.3d 94, 98 [195 Cal.Rptr. 737].)

stated "in [the] moving papers," and the "failure to comply with Law Department policy 103(d)."

## DISCUSSION

"The scope of our review is limited to a determination of whether [Beechnut's] demurrer was erroneously sustained without leave to amend and whether such a determination was an abuse of discretion. [Citation.]" (*Shurpin* v. *Elmhirst, supra,* 148 Cal.App.3d at p. 98.)

■ ■■■ Daniel's various causes of action are not labeled for easy recognition.[2] Nevertheless, the substantive allegations indicate that he seeks recovery under four theories: (I) strict products liability, (II) negligence, and (III) breach of express and (IV) implied warranties of merchantability and fitness for intended purpose. We discuss them in that order.

I

## STRICT PRODUCTS LIABILITY

*Barker* v. *Lull Engineering Co.* (1978) 20 Cal.3d 413, 432 [143 Cal.Rptr. 225, 573 P.2d 443, 96 A.L.R.3d 1] sets forth the two tests for strict products liability in California. "[A] product may be found defective in design, so as to subject a manufacturer to strict liability for resulting injuries, under either of two alternative tests. ■ First, a product may be found defective in design if the plaintiff establishes that the product failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner [consumer contemplation test]. ■ Second, a product may alternatively be found defective in design if the plaintiff demonstrates that the product's design proximately caused his injury and the defendant fails to establish, in light of relevant factors, that, on balance, the benefits of the challenged design outweigh the risk of danger inherent

---

[2]This fact was one of the reasons relied upon by the court in sustaining Beechnut's demurrer. Rule 103(d) of the Los Angeles Superior Court Law Departments Policy Manual requires identification of parties and causes of action in order to promote clear and understandable pleadings. Failure to comply with these rules may render a complaint confusing and subject to a special demurrer for uncertainty. (Code Civ. Proc., § 430.10, subd. (f).)

However, under our liberal pleading rules, where the complaint contains substantive factual allegations sufficiently apprising defendant of the issues it is being asked to meet, a demurrer for uncertainty should be overruled or plaintiff given leave to amend. "It is not what a paper is named, but what it is that fixes its character." (*Parnham* v. *Parnham* (1939) 32 Cal.App.2d 93, 96 [89 P.2d 189].) Although inconvenient, annoying and inconsiderate, the lack of labels for plaintiff's causes of action does not substantially impair Beechnut's ability to understand the complaint, and a demurrer sustained on the ground of uncertainty without leave to amend should have been overruled. (See *Merlino* v. *West Coast Macaroni Mfg. Co.* (1949) 90 Cal.App.2d 106, 108 [202 P.2d 748].)

in such design [safer alternative design test]." ▮ Daniel's complaint alleges facts sufficient to establish the defective design of the Beechnut bottle under either of the *Barker* tests.

The complaint states that Daniel was using the bottle in its intended or foreseeable manner when it broke and injured him. These allegations imply the foreseeability of an infant dropping the bottle while in his possession. Likewise, it is foreseeable that the resultant broken glass may be injurious to human health, and that the inherent danger posed by a glass container, while obvious to an adult, is not cognizable by a child Daniel's age. On their face, these allegations fall within *Barker*'s consumer contemplation test.

The safer alternative design test is also satisfied by the allegation that the glass bottle was inherently dangerous to its intended infant user. This test involves a balancing of the danger posed by the product's design against the product's utility. But this does not necessarily require that the product's risk of harm outweigh the product's benefits. Liability may be found where it would have been feasible for the manufacturer to reduce the risk of harm by manufacturing an alternative product or design. As stated in *Buccery* v. *General Motors Corp.* (1976) 60 Cal.App.3d 533 [132 Cal.Rptr. 605]: "any product so designed that it causes injury when used or misused in a fore-seeable fashion is defective if the design feature which caused the injury created a danger which was readily preventable through the employment of existing technology at a cost consonant with the economical use of the product." (*Id.*, at p. 547; see also *Baker* v. *Chrysler Corp.* (1976) 55 Cal.App.3d 710, 716 [127 Cal.Rptr. 745].)

Beechnut challenges these conclusions with non-California authorities which discuss the suitability of glass for use as a container and the con-sequences of container abuse by children. The central theme of these cases is that glass containers are not defective because, as a matter of common knowledge, they break if they are abused. (See, e.g., *Molden* v. *Atlantic Coca-Cola Bottling Co.* (1985) 175 Ga.App. 298 [333 S.E.2d 175]; *Venezia* v. *Miller Brewing Co.* (1st Cir. 1980) 626 F.2d 188.) It is therefore argued that breakage of a glass container due to abuse is not actionable.

Beechnut's analysis of this problem is shortsighted. These cases appear analogous only because they involve young children "abusing" (throwing or dropping) glass containers. However, none consider the type of product involved here—a container that allegedly was manufactured, designed, and advertised, *specifically for infant use.* Also, "even if the obviousness of the peril is conceded, the modern approach does *not* preclude liability solely because a danger is obvious." (*Pike* v. *Frank G. Hough Co.* (1970) 2 Cal.3d

465, 474 [85 Cal.Rptr. 629, 467 P.2d 229].) Moreover, none of Beechnut's authorities consider or apply the *Barker* v. *Lull* tests for strict products liability.

 Beechnut further contends that Daniel's injuries arose not from a defective product, but rather, from his parents' modification of the product or their negligent supervision of its use. These arguments cannot be advanced by demurrer. Creation of an unreasonable risk of harm through product modification or negligent supervision is not clearly established on the face of Daniel's complaint. Instead, these theories must be pled as affirmative defenses. (Code Civ. Proc., § 430.30, subd. (b).)

II

NEGLIGENCE

Four elements are required to successfully plead a negligence cause of action: (1) defendant's legal duty of care to plaintiff; (2) breach of that duty; (3) injury proximately caused by that duty; and (4) damages to plaintiff. (4 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 527, p. 558.) Daniel's complaint contains all four elements.

 A manufacturer/seller of a product is under a duty to exercise reasonable care in its design so that it can be safely used as intended by its buyer/consumer. (See *Pike* v. *Frank G. Hough Co., supra,* 2 Cal.3d at p. 470; see also Rest.2d Torts, §§ 395, 398.) Similarly, "[t]he manufacturer's duty of care extends to all persons within the range of potential danger." (*Pike* v. *Frank G. Hough Co., supra,* 2 Cal.3d at p. 473.) Consequently, the allegations that Beechnut manufactured and sold this product knowing that an infant like Daniel could drop the bottle while drinking from it satisfactorily pled Beechnut's duty to protect Daniel from such known or foreseeable risks of harm.

The complaint establishes the requisite breach of duty by alleging Beechnut failed to exercise such reasonable care. (See *Hoyem* v. *Manhattan Beach City Sch. Dist.* (1978) 22 Cal.3d 508, 513-514 [150 Cal.Rptr. 1, 585 P.2d 851].) Establishing the causal link between Daniel's injury and Beechnut's alleged breach of duty is satisfied by the same allegations of reasonable foreseeability contained in the strict liability cause of action. Lastly, there is no doubt that Daniel's claim of damages is sufficiently pled.

## III

EXPRESS WARRANTY

■ In order to plead a cause of action for breach of express warranty, one must allege the exact terms of the warranty, plaintiff's reasonable reliance thereon, and a breach of that warranty which proximately causes plaintiff injury. (See *Burr* v. *Sherwin Williams Co.* (1954) 42 Cal.2d 682 [268 P.2d 1041]; Cal. U. Com. Code, § 2313.) ■ The complaint substantially complies with these requisites. It alleges Beechnut "utilized the advertising media to urge the use and application of [the subject product] and expressly warranted to the general public including plaintiff herein, that said product was effective, proper and safe for its intended use." The only element not specifically pled is reliance. However, this omission is not fatal because reliance can be reasonably inferred from the tenor and totality of the allegations in the complaint. (See *Shurpin* v. *Elmhirst, supra,* 148 Cal.App.3d at p. 98.)

Beechnut's only remaining objection concerns the foreseeable use of the product. Our earlier discussion of the sufficiency of the allegations is dispositive of this issue.

## IV

IMPLIED WARRANTY

■ The retail purchase of a consumable product in California carries an implied warranty of fitness for its intended purpose by the manufacturer. The chief consideration is whether the manufacturer had reason to know the product was "required for a particular purpose and that the buyer is relying on the manufacturer's skill or judgment to select or furnish [a suitable product]." (Civ. Code, § 1792.1; see also Cal. U. Com. Code, § 2315.)

As indicated above, the complaint alleges Beechnut produced and sold the juice container knowing or reasonably foreseeing the product would be given to a child Daniel's age; that the child might drop the container; and that it could break and injure him. Daniel fails to aver his reliance on Beechnut's implied warranty. Nonetheless, the totality of the allegations once again reasonably permit an inference of reliance. The core prerequisites for pleading breach of an implied warranty are therefore met.

Daniel's complaint is not a pleading model to be emulated. But, in spite of its flaws, the complaint validly states four causes of action.

## DISPOSITION

The judgment is reversed. The trial court shall enter an order overruling the demurrer and allowing defendant a reasonable time to answer. Daniel is awarded his costs on appeal.

Feinerman, P. J., and Ashby, J., concurred.

A petition for a rehearing was denied September 23, 1986.