## 75635. SIMONDS v. CONAIR CORPORATION.

(365 SE2d 507)

SOGNIER, Judge.

John A. Simonds brought suit against Conair Corporation to recover damages for injuries suffered when he was burned by a hair dryer manufactured by Conair. The case was tried before a jury, which returned a verdict for Conair. Judgment was entered on the verdict and, following the trial court's denial of Simonds' motion for a new trial, he appeals.

The evidence disclosed that appellant was awaiting the arrival of his hair stylist at a hairdresser shop. Connie Finks, another stylist employed at the salon, shampooed appellant's hair as a courtesy to appellant's stylist and then left the premises, leaving only appellant and the receptionist in the shop. Shortly thereafter, when appellant's stylist had not arrived, appellant felt chilled and requested permission from the receptionist to dry his own hair. This was given, and appellant was told to use Finks' hair dryer. While appellant was blowing his hair dry with Finks' hair dryer, the dryer overheated, melting portions of the plastic casing and causing severe burns to appellant's hand. It is uncontroverted that appellant required hospitalization and surgery and incurred medical bills in excess of $8,000.

1. Appellant contends the trial court erred by denying his motion for a new trial because the verdict was not supported by the evidence and was against the weight of the evidence. " 'The appellate court will not disturb the trial court's refusal to grant a new trial if there is any evidence at all to support the verdict.' [Cit.]" *Githens v. Roberts*, 174 Ga. App. 152, 154 (329 SE2d 219) (1985). In the case sub judice, the evidence was in conflict as to whether the dryer was defective from the time of manufacture, or whether it had been damaged or faultily repaired thereafter. Appellant's expert witness testified that in his opinion, the former was true. However, appellee's expert witness was of the opinion that the dryer had not been defective when manufactured, but had been damaged or improperly repaired subsequent to manufacture. He based this opinion on his analysis of the physical evidence — the dryer itself. Thus, despite Finks' testimony that to her knowledge, the dryer had not been opened or repaired prior to the accident, there was some competent evidence which the jury could have believed, and from which it could have concluded that appellee had not manufactured a defective dryer and was thus not responsible for appellant's injuries. " 'On appeal, the evidence is to be construed to uphold rather than overturn judgment of the trial court. [Cit.] Where the evidence of the plaintiff and the defendant [is] in conflict, the fact finder . . . is the final arbiter. [Cit.] This court is not to weigh the evidence de novo, but merely determines if there is any evidence which supports the verdict and judgment below. [Cit.]'

[Cit.]" *Rich v. Ga. Farm Bureau Mut. Ins. Co.*, 176 Ga. App. 663, 664 (337 SE2d 370) (1985). We find that the jury had sufficient evidence to conclude that the injury to appellant was not caused by the negligence of appellee, and thus the trial court did not err by denying appellant's motion for a new trial.

2. Appellant also asserts the trial court erred by requiring sequestration of his expert witness during the videotaped testimony of appellee's expert witness. We do not agree. OCGA § 24-9-61 gives either party the right to have the witnesses of the other party examined out of the hearing of each other. "Where there is an order for separation or sequestration of the witnesses, exceptions to the rule pertaining to witnesses who are not parties to the case are discretionary with the trial court, and the trial court will not be reversed, whether the witness is excluded or is permitted to remain, unless under the facts of the particular case the trial court has abused that discretion. [Cits.]" *Horton v. Wayne County*, 243 Ga. 789, 791-792 (3) (256 SE2d 775) (1979). Under the facts of this case, where the testimony was videotaped, thus eliminating the possibility of the expert providing assistance to appellant's counsel for cross-examination, and where appellant's expert had already been allowed to review a transcript of the testimony, we find the trial court did not abuse its discretion by refusing to grant an exception to the rule of sequestration. See *Bartell v. State*, 181 Ga. App. 148 (1) (351 SE2d 495) (1986).

3. In appellant's final enumeration, he maintains the trial court erred by failing to charge the jury on the doctrine of res ipsa loquitur, as requested by appellant. We find no merit in this enumeration. Res ipsa loquitur is "a rule of evidence which allows an inference of negligence to arise from the happening of an event causing an injury to another. . . . The rule is one of necessity in cases where there is no evidence of consequence showing negligence on the part of the defendant." *Parker v. Dailey*, 226 Ga. 643, 645 (177 SE2d 44) (1970). " 'The elements of the doctrine are: "(1) injury of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; and (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff." [Cit.]' [Cit.]" *Westinghouse Elec. Corp. v. Williams*, 173 Ga. App. 118, 119 (1) (325 SE2d 460) (1984). In the case at bar, the evidence clearly established that the hair dryer had not been within appellee's exclusive control since its purchase some 2½ years before the accident. The doctrine of res ipsa loquitur is, therefore, not applicable to the facts sub judice, and it was not error for the trial court to refuse to give the requested charge. See *Sun v. Bush*, 179 Ga. App. 80, 81-82 (6) (345 SE2d 85) (1986).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JANUARY 28, 1988.

*William R. Hurst*, for appellant.
*Lynn M. Roberson*, for appellee.