A90A1550. BRIDGESTONE FIRESTONE, INC. v. GREEN.
A90A1551. AMALGAMATED CLOTHING & TEXTILE
WORKERS UNION et al. v. GREEN.
(403 SE2d 442)

SOGNIER, Chief Judge.

William Green brought this action to recover damages for injuries allegedly incurred in an October 1985 automobile accident on Interstate 20 in Newton County. He named as defendants General Motors Corporation, the manufacturer of the car he was driving; Canton Motor Sales, Inc., the dealer which sold the vehicle; Hertz Corporation, the car owner; the Amalgamated Clothing & Textile Workers Union (ACTWU), the entity which leased the car from Hertz; James Orange, the ACTWU employee for whom the car was leased; and Bridgestone Firestone, Inc. (formerly the Firestone Tire & Rubber Company), which had performed the routine maintenance on the car. Green alleged that the accident occurred because of a defect in the steering mechanism. In Case No. A90A1550, we granted Bridgestone's application for interlocutory appeal from the denial of its motion for summary judgment, and in Case No. A90A1551 we authorized the appeal of ACTWU and Orange from the denial of their summary judgment motions.

In late 1983 or early 1984, ACTWU leased from Hertz a new 1984 Buick Regal for use by James Orange, an ACTWU organizer. Orange testified by deposition that he did extensive travelling in the car for his work with ACTWU, and that he regularly had the car serviced at Bridgestone's repair facility. Orange stated that he occasionally had

the front end of the car aligned when it would begin to pull slightly to the right, but he never experienced any problems with the steering mechanism. He did testify that his wife, who sometimes drove the car, had difficulty steering the car on one occasion shortly after Bridgestone had serviced it, and it had to be towed back to Bridgestone for repair. Although Orange could not recall precisely when this problem occurred, Bridgestone repair records Orange identified during his deposition indicate that Bridgestone performed an alignment in late January 1985, the car was towed to Bridgestone on March 22, 1985, and Bridgestone repaired a loose drag link on that day at no charge. Orange stated he experienced no further problems after that repair.

On October 1, 1985, Orange was scheduled to travel from Atlanta to North Carolina on business. Because he had been awake for most of the prior night attending to some charitable activities, he asked appellee, with whom he had been acquainted for many years, to accompany him on the drive. They departed around noon and drove on Interstate 20 in a steady downpour. After about 18 miles, Orange asked appellee to take over the driving, and Orange then fell asleep in the front seat. He testified that he awoke to hear appellee screaming that "he couldn't control the car" because "the steering [was] gone." The car slammed into a bridge rail on the right, caromed across two lanes to hit a guard rail on the left, and then came to rest straddling the two eastbound lanes.

State Trooper Gary Townsend, who investigated the accident, testified by affidavit that when he arrived at the scene at 1:06 p.m., approximately ten minutes after the accident occurred, it was raining and the road was wet. He stated that appellee told him "a car had run him off of the road," and that neither appellee nor Orange mentioned any problems "with the tires, brakes, steering, or other parts of the automobile." Townsend found no skid marks prior to the first point of impact. He attempted to turn the steering wheel but was unable to do so because of the extensive damage to the front end of the car. Based on his investigation, Townsend opined that the accident occurred either because appellee was driving too fast for conditions and hydroplaned on the wet road or because, as appellee had claimed, another vehicle forced him off the road. The car, which was a total loss, was towed from the scene and was not available to any party for subsequent examination.

1. On January 8, 1990, judgment was entered in favor of Hertz, General Motors, and Canton Motor Sales on their motions for summary judgment. Appellants then moved for summary judgment on the same grounds asserted by the other defendants. The case was assigned to another judge who denied appellants' motions. They contend they are entitled to summary judgment because of the prior ruling in favor of their co-defendants. We do not agree. Appellants are

not entitled to judgment on the basis of either res judicata or collateral estoppel because complete identity or privity of parties is required as a prerequisite to application of either principle. *Norris v. Atlanta & West Point R. Co.*, 254 Ga. 684-685 (333 SE2d 835) (1985). What appellants really seek is application of the doctrine of binding precedent, which was expressly disavowed by the Supreme Court in *Norris.* Accordingly, the prior adjudication of appellee's negligence claims against Hertz, General Motors, and Canton Motor Sales does not bar his negligence claims against appellants. Id. at 686.

2. Accordingly, we must determine whether, as appellants contend, the trial court erred by concluding they were not entitled to summary judgment on appellee's claim of negligent maintenance and repair. It has long been the law in Georgia that one " 'who negligently repairs a vehicle . . . is liable to others who may be injured because of that negligence, to the same extent as if he had made and sold the [vehicle] in the first instance.' [Cits.]" *Griffith v. Chevrolet Motor Div. &c.*, 105 Ga. App. 588, 593-594 (2) (b) (125 SE2d 525) (1962). Nonetheless, a well-established principle of negligence law is that "the occurrence of an unfortunate event is not sufficient to authorize an inference of negligence. [Cits.]" *Hill v. Hosp. Auth. &c.*, 137 Ga. App. 633, 639 (4) (224 SE2d 739) (1976). Here, the evidence shows only that a one-car accident occurred on a rainy day; that Orange, the regular driver of the car, experienced no problems with the steering mechanism for at least six months prior to the accident; and that there were no skid marks prior to impact. There is no testimony from appellee in the record and no direct evidence of the existence of a mechanical defect. Appellee points to his outcry at the time of impact as circumstantial evidence of the presence of such a defect; however, that evidence is contradicted by appellee's statements to Townsend immediately after the incident. On motion for summary judgment, the testimony of the respondent is to be construed against him if it is contradictory, vague, or equivocal, and if no reasonable explanation is offered for the contradiction. *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (1, 2) (343 SE2d 680) (1986). This rule applies to statements made by the respondent to others. See *Aubrey Silvey Enterprises v. Bohannon*, 182 Ga. App. 738, 739 (356 SE2d 693) (1987). Accordingly, appellee's res gestae statement must be eliminated from consideration because it contradicts the statement he gave to Townsend and no explanation for the contradiction was given. *Stone v. Dayton Hudson Corp.*, 193 Ga. App. 752, 755 (388 SE2d 909) (1989).

Thus, there is no evidence of negligence other than the occurrence of an incident resulting in injury to appellee. Consequently, we must consider whether the evidentiary rule of res ipsa loquitur may be used to create a jury question. See *Simonds v. Conair Corp.*, 185 Ga. App. 664, 665 (3) (365 SE2d 507) (1988); see also *Jenkins v.*

*Roper Corp.*, 185 Ga. App. 219, 220 (363 SE2d 625) (1987). " ' "The elements of the doctrine are: '(1) injury of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; and (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff.' (Cit.)" (Cit.)' [Cit.]" *Simonds*, supra.

With regard to Bridgestone's motion, the evidence shows Bridgestone performed no repair work on the car for six months prior to the accident, that Orange experienced no steering problems during that period of time, and that the car was in Orange's control for that period. Consequently, as to Bridgestone, the exclusive control requirement cannot be met, and the doctrine of re ipsa loquitur is inapplicable. See *Jenkins*, supra. As to the applicability of the doctrine to Orange and ACTWU, the evidence demonstrates several possible intervening intermediary causes for the accident, including negligent driving by appellee. See *Molden v. Atlanta Coca-Cola Bottling Co.*, 175 Ga. App. 298, 299-300 (333 SE2d 175) (1985); accord *Parker v. Dailey*, 226 Ga. 643, 645 (177 SE2d 44) (1970). Appellee would have us disregard the driving conditions and his statements to Townsend immediately after the accident and speculate that the accident resulted from a steering mechanism defect which had not previously been manifest but which on this occasion caused a complete failure of the steering capacity of the car. This we decline to do. See *Jackson v. Sides & Pope*, 178 Ga. App. 886, 887 (344 SE2d 685) (1986). Accordingly, the doctrine of res ipsa loquitur is inapplicable, and the trial court erred by denying summary judgment to appellants. See *Savannah Coca-Cola &c. Co. v. Denmark*, 182 Ga. App. 883, 885 (2) (357 SE2d 286) (1987).

*Judgments reversed. McMurray, P. J., concurs. Carley, J., concurs in the judgment only.*

DECIDED FEBRUARY 20, 1991 —
REHEARING DENIED MARCH 7, 1991 —

*Wildman, Harrold, Allen, Dixon & Branch; Alfred B. Adams III*, for appellant (case no. A90A1550).

*Freeman & Hawkins, Warner S. Fox, William G. Scoggin*, for appellants (case no. A90A1551).

*Daniel T. Donohue*, for appellee.