**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHERYL SAUER,

           Plaintiff-Appellant,

    v.

SOLAREDGE TECHNOLOGIES, INC., and DOES 1-10,

           Defendants-Appellees.

No.   23-55636

D.C. No. 5:22-cv-1584-JGB-KK

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted June 13, 2024**
Pasadena, California

Before: MURGUIA, Chief Judge, CHRISTEN, and VANDYKE, Circuit Judges.

    Cheryl Sauer appeals the dismissal of her class action complaint against

SolarEdge Technologies relating to cellular plug-ins she purchased as part of her

home solar energy production system. After the plug-ins became inoperable when

---

\*  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

third-party wireless mobile network providers stopped providing 3G technology, she sued SolarEdge, claiming it breached express and implied warranties and violated California's Consumers Legal Remedies Act (CLRA) and Unfair Competition Law (UCL).[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Sauer's express warranty claims fail. A plaintiff must point to "the exact terms of the warranty, plaintiff's reasonable reliance thereon, and a breach of that warranty which proximately causes plaintiff injury." *Williams v. Beechnut Nutrition Corp.*, 229 Cal. Rptr. 605, 608 (Ct. App. 1986). Here, the Data Sheet Sauer points to promises only to ship replacement parts "in the event that third party cellular technology currently used by SolarEdge … is phased out." But Sauer never requested replacement parts from SolarEdge and instead purchased her own replacement parts and labor from a third party, so she fails to show that SolarEdge breached the promise in the Data Sheet. The Limited Product Warranty covers only "defects in workmanship and materials," not defects in design, and it also excepts products that are "rendered non-functional as a result of … action of third parties." So Sauer cannot point to any explicit term in the Limited Product Warranty that would cover her new parts or the labor to install them.

[1] Sauer brings three counts each of breach of express and implied warranty, under California common law, the federal Magnuson-Moss Warranty Act, and California's Song-Beverly Warranty Act. She agrees that each of the three express claims rise and fall together, as do each of the implied claims. So, like the district court, we treat the express claims together and the implied claims together.

2. Sauer's implied warranty of merchantability claims fail. Sauer purchased a whole home solar system which included the two cellular plug-ins. The plug-ins allowed her to monitor the system's efficiency. Sauer makes no allegation that without the plug-ins the system did not "possess even the most basic degree of fitness for ordinary use," which was to produce solar energy. *Mocek v. Alfa Leisure, Inc.*, 7 Cal. Rptr. 3d 546, 549 (Ct. App. 2003). That the plug-ins failed to achieve their purpose did not render the system as a whole inoperable.

3. Sauer's consumer protection claims fail. First, her UCL claim premised on an unlawful act by SolarEdge fails because her warranty claims fail. *See* Cal. Bus. & Prof. Code § 17200 (prohibiting "any unlawful, unfair or fraudulent business act or practice"). Second, contrary to Sauer's argument, SolarEdge did not represent that the plug-ins would be usable without upgrades for the duration of their five- or twelve-year data plans. In fact, SolarEdge specifically contemplated in the Data Sheet that "third party cellular technology currently used by SolarEdge … [may be] phased out." So her claim that SolarEdge "[r]epresent[ed] that [the plug-ins] have … characteristics, … uses [or] benefits … that they do not have" in violation of the CLRA fails. Cal. Civ. Code § 1770(a)(5). Her UCL claims premised on fraudulent and unfair acts similarly fail without a misrepresentation.

4. The district court properly dismissed without leave to amend. The relevant facts are clear from the warranty documents attached to Sauer's complaint, and she

presented no additional facts in her brief that would fix the defects in her complaint, so allowing further amendment would be futile. *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015).

**AFFIRMED.**