Filed 7/31/24  Charkhchian v. Blue Cross of Cal. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| SHOOSHANIK CHARKHCHIAN, | B320539 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC663223) |
| v. | |
| BLUE CROSS OF CALIFORNIA, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard E. Rico and Timothy Patrick Dillon, Judges.  Affirmed in part and reversed in part.

Law Offices of Armen M. Tashjian and Armen M. Tashjian, for Plaintiff and Appellant.

Troutman Pepper Hamilton Sanders, Chad R. Fuller, Tina Safi Felahi, Elizabeth Holt Andrews, and Gayatri S. Raghunandan, for Defendant and Respondent.

# I.     INTRODUCTION

Plaintiff Shooshanik Charkhchian (plaintiff) sued defendant Blue Cross of California (defendant) for wrongful death and negligence, alleging defendant negligently failed to provide plaintiff's daughter (the decedent) with transportation for life-sustaining hemodialysis treatments.  The trial court sustained defendant's demurrer to the wrongful death cause of action and subsequently granted defendant's summary adjudication motion as to the negligence cause of action.  We reverse the court's ruling sustaining defendant's demurrer and affirm its ruling granting defendant's summary adjudication motion.

# II.     BACKGROUND[1]

A.     *Third Amended Complaint*

The third amended complaint—the operative pleading—alleged:

The decedent had renal disease that required her to receive life-sustaining hemodialysis treatments three times a week. Defendant, as the decedent's health care service plan, agreed to provide nonemergency transportation to and from the decedent's hemodialysis treatments.[2]

---

[1]     We deny defendant's motion to strike parts of plaintiff's Appellant's Appendix.

[2]     Plaintiff alleged in the first amended complaint that defendant contracted with LogistiCare Solutions, LLC (LogistiCare) to provide the decedent with nonemergency, "non-

2

On October 23, 2015, plaintiff telephoned defendant and requested authorization for transportation of the decedent to and from her hemodialysis appointments in November 2015. Defendant informed plaintiff that the requested transportation for the decedent during November 2015 was authorized.

On November 7, 2015, plaintiff telephoned LogistiCare and requested transportation to and from the decedent's hemodialysis treatments. LogistiCare told plaintiff that it could not provide the requested transportation because there was no authorization from defendant on file.

Without the necessary transportation, the decedent was unable to obtain the required treatment for her renal condition, causing it to worsen. On November 9, 2015, plaintiff again called defendant and was informed—contrary to defendant's previous assurance that the treatment-related transportation was authorized—that "there was no authorization on file for any transportation."

Due to the continued lack of transportation to and from her hemodialysis treatments, the decedent's renal condition worsened. On November 11, 2015, plaintiff telephoned defendant a third time and was informed that the authorization for the "necessary transportation" was on file. That necessary transportation, however, was never provided to the decedent and, on November 13, 2015, she passed away.

_____

ambulance type" transportation to and from the decedent's medically necessary treatments. LogistiCare was a named defendant in the original and first and second amended complaints, but not initially in the third amended complaint. At some point, LogistiCare, under its new name "ModivCare Solutions, LLC," was added as a defendant to the third amended complaint. LogistiCare is not a party to this appeal.

Defendant was obligated to provide authorization for the decedent's transportation to and from her hemodialysis treatments. According to LogistiCare, an authorization from defendant was not on file. Despite plaintiff's numerous calls, defendant failed to contact LogistiCare and ensure an authorization was on file. Defendant's failure to process the necessary paperwork for the decedent's transportation to and from her hemodialysis treatments was in willful disregard of her health and well-being.

In the first cause of action against defendant for wrongful death, plaintiff alleged that defendant's failure to ensure the requested transportation services for the decedent caused her death. In the second cause of action against defendant for negligence, plaintiff alleged that defendant owed the decedent a "duty of care to act reasonably in [discharging its] obligations, including . . . properly processing [and ensuring that] the requisite authorization for non-emergency or non-ambulance type transportation [by LogistiCare] was on file, and to [ensure] the authorizations were received and processed [so that the decedent's] hemodialysis treatments were not affected or delayed due to lack of transportation and or authorization." Plaintiff further alleged that defendant's breach of that duty "resulted in . . . [a] fatal delay of life saving hemodialysis treatment" for the decedent.

Plaintiff sought damages for (1) "non-economic damages to the maximum extent permitted by law"; (2) "funeral, burial and other expenses according to proof"; and (3) "loss of the decedent's care and support, according to proof."

B.    *Defendant's Demurrer*

On May 14, 2018, defendant filed a demurrer to the wrongful death and negligence causes of action in the third amended complaint.  As to the wrongful death cause of action, defendant argued the third amended complaint failed to state facts sufficient to constitute a cause of action because it failed to (1) identify sufficiently any wrongful act or neglect by defendant, (2) allege adequately proximate cause, and (3) plead the essential elements of a wrongful death cause of action.  It also argued the wrongful death cause of action was fatally uncertain and ambiguous.[3]  The Honorable Richard E. Rico held a hearing on the demurrer and ruled the allegations in the third amended complaint were "vague and conclusory" and sustained the demurrer to the wrongful death cause of action,[4] but overruled the demurrer as to the negligence cause of action.

C.    *Defendant's Summary Adjudication Motion*

On March 11, 2021, defendant filed a motion for summary judgment or, in the alternative, summary adjudication.  Defendant moved for summary judgment arguing there were no triable issues of material fact as to plaintiff's negligence cause of

---

[3]    We do not summarize defendant's demurrer arguments as to the negligence cause of action because the trial court's order overruling defendant's demurrer is not an issue in this appeal.

[4]    The court's ruling did not state whether the demurrer was sustained with or without leave to amend.  Plaintiff later moved for leave to file a fourth amended complaint that reasserted a wrongful death cause of action.  The court denied the motion.

5

action because plaintiff could not "establish a breach of duty, as [defendant] fulfilled its sole duty to authorize transportation for [the d]ecedent, and [defendant's] conduct was not the proximate cause of [the d]]ecedent's injuries." Alternatively, defendant moved for summary adjudication as to plaintiff's claim for damages arguing plaintiff was not entitled to recover the damages she sought as a matter of law.

In support of it summary adjudication motion, defendant cited the following material facts, none of which plaintiff disputes:[5]

1.    "Plaintiff brings this action in her capacity as [the] decedent's successor-in-interest pursuant to Code of Civil Procedure section 377.32";

2.    Plaintiff sought the following damages against defendant: "'Non-economic damages to the maximum extent permitted by law,' 'consisting of the loss of [the] decedent's love, companionship, comfort, care, assistance, protection, affection, society and moral support'";

3.    "Plaintiff also seeks 'funeral, burial, and other expenses' and costs of suit and further relief as deemed appropriate by [the trial court]";

4.    "Plaintiff confirmed she is seeking these damages at her deposition";

---

[5]    Because we hold below the trial court properly granted defendant's summary adjudication motion on the ground that plaintiff was not entitled to recover the damages she sought as a matter of law, we do not set forth the factual basis for defendant's breach of duty and proximate cause arguments in its summary judgment motion or the trial court's ruling on that motion.

5. "Specifically, when asked, 'Are you seeking recovery for your own emotional distress,' [p]laintiff answered, 'Yes.' When asked what other categories of damages she is seeking, [p]laintiff responded, 'Sorrow. Of course,' as well as ' [the] decedent's] companionship, her lovely friendship with me.' When asked whether she is seeking recovery for her own grief, [p]laintiff stated, 'Oh, that is a big thing, yeah, yes'";

6. "Code of Civil Procedure section 1431.2 defines 'non-economic damages' as 'subjective, non-monetary losses including, but not limited to, pain, suffering, inconvenience, mental suffering, emotional distress, loss of society and companionship, loss of consortium, injury to reputation and humiliation'";

7. "Plaintiff cannot recover damages for emotional distress, grief, or sorrow in her individual capacity";

8. "Where Plaintiff is acting as a successor-in-interest on the [d]ecedent's cause of action, the damages recoverable are limited to the loss or damage that the [d]ecedent sustained or incurred before death, including any penalties or punitive or exemplary damages that the [d]ecedent would have been entitled to recover had the [d]ecedent lived, and do not include damages for pain, suffering, or disfigurement";

9. "Plaintiff cannot recover non-economic damages on behalf of [the d]ecedent";

10. "Plaintiff does not have a cause of action for wrongful death against [defendant]"; and

11. "Plaintiff cannot recover non-economic damages for the value of [the d]ecedent's 'love, companionship, comfort, care, assistance, protection, affection, society and moral support,' nor can she recover funeral expenses, as she does not have a wrongful death cause of action against [defendant]."

7

The trial court granted defendant's summary adjudication motion. It found that plaintiff "could not recover her own distress under [the decedent's] negligence cause of action. [Code of Civil Procedure s]ection 377.34[6] barred [the decedent's] pain and suffering. Other than [p]laintiff's distress and non-recoverable funeral expenses, there are no other damages in this action. [Defendant] thus carried its initial burden. In opposition, [p]laintiff did not dispute these facts. Therefore, [defendant] was entitled to summary judgment [(*sic*)] because of the absence of legally cognizable damage under the negligence cause of action." Accordingly, the court granted defendant's summary adjudication motion.

On April 6, 2022, the trial court entered judgment in defendant's favor and against plaintiff. Plaintiff timely appealed.

## III. DISCUSSION

A. *Demurrer*

Plaintiff contends the trial court erred in sustaining defendant's demurrer to her wrongful death cause of action. We agree.

---

6      Code of Civil Procedure section 377.34, subdivision (a) provides, "In an action or proceeding by a decedent's personal representative or successor in interest on the decedent's cause of action, the damages recoverable are limited to the loss or damage that the decedent sustained or incurred before death, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived, and do not include damages for pain, suffering, or disfigurement."

8

1.      Standard of Review

"In reviewing the sufficiency of a complaint against a general demurrer, we are guided by long-settled rules. 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.]" (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

2.      Wrongful Death

"A cause of action for wrongful death is . . . a statutory claim. [Citations.] Its purpose is to compensate specified persons—heirs—for the loss of companionship and for other losses suffered as a result of a decedent's death. [Citation.] [¶] 'The elements of the cause of action for wrongful death are the tort (negligence or other wrongful act), the resulting death, and the damages, consisting of the *pecuniary loss* suffered by the *heirs*. [Citations.]' [Citation.]" (*Quiroz v. Seventh Ave. Center* (2006) 140 Cal.App.4th 1256, 1263.) "The elements of a negligence cause of action are a legal duty, a breach of the legal duty, proximate or legal cause, and a resulting injury. [Citation.]" (*Huang v. The Bicycle Casino, Inc.* (2016) 4 Cal.App.5th 329, 338.)

There is no dispute that the wrongful death cause of action adequately alleged there was a death or that plaintiff suffered damages.  We thus consider whether the cause of action adequately pleaded the tort element of wrongful death—specifically, that defendant's negligence caused the decedent's death.

### a. Duty

Defendant expressly does not dispute that the third amended complaint stated sufficient facts to support its claim that defendant owed the decedent a duty of ordinary care—in this case, the duty to process properly the necessary authorization for LogistiCare to transport the decedent to her medically necessary treatments in November 2015.

### b. Breach of Duty

The third amended complaint alleged that plaintiff called defendant in October 2015 and requested transportation for the decedent to and from her hemodialysis appointments in November 2015.  Despite plaintiff's numerous calls to defendant in October and November 2015, defendant failed to authorize the decedent's transportation and/or to contact LogistiCare and ensure that LogistiCare understood the decedent's transportation had been authorized.  These allegations stated sufficient facts supporting plaintiff's claim that defendant breached its duty.[7]

_____

[7] To the extent that defendant's respondent's brief can be construed as arguing that any error in sustaining its demurrer to the wrongful death cause of action was harmless because its

10

###### c. Proximate Cause

The third amended complaint alleged that defendant's negligent failure to ensure the decedent received her requested transportation to and from her hemodialysis appointments proximately caused the decedent's death. This allegation stated sufficient facts supporting plaintiff's claim that defendant's alleged negligent breach of its duty proximately caused the decedent's death.

###### d. Damages

Defendant does not contend that the third amended complaint did not state sufficient facts to support its claim that plaintiff suffered damages as a result of defendant's alleged negligence.

In support of the trial court's ruling sustaining its demurrer to the wrongful death cause of action, defendant argues, "In California, one of the most important and oft-cited grounds for sustaining a demurrer is a pleading's uncertainty,

---

summary judgment motion established that it did not breach its duty to the decedent because its only duty was to authorize and it did authorize the decedent's transportation for November 2015, we agree with the trial court that there is a triable issue of fact. LogistiCare records support a finding that defendant authorized transportation up to, but not including November 2015—"'Per Cheryl at [defendant], the auth is good for the October only, as member is not expected to live much longer.'" Defendant's records also demonstrate that defendant's employee "Annie" confirmed that that as of November 10, 2015, "[t]here was no authorization for November . . . ."

11

which is statutorily defined to encompass both ambiguity and unintelligibility.[8]  (Code Civ. Proc., § 430.10, subd. (f).)"  Instead, demurrers for uncertainty are generally disfavored (*Chen v. Berenjian* (2019) 33 Cal.App.5th 811, 822) because "under our liberal pleading rules, where the complaint contains substantive factual allegations sufficiently apprising defendant of the issues it is being asked to meet, a demurrer for uncertainty should be overruled or plaintiff given leave to amend."  (*Williams v. Beechnut Nutrition Corp.* (1986) 185 Cal.App.3d 135, 139, fn. 2.)

Defendant argues the third amended complaint, "even generously construed, is a classic example of the kind of uncertainty that subdivision (f) of [Code of Civil Procedure section] 430.10 prohibits."  Defendant provides two examples.  First, plaintiff did not "try to distinguish between [defendant's] alleged failure to authorize [the decedent's] transport and LogistiCare's alleged failure to transport her."  Plaintiff alleged defendant was responsible for the decedent's death because it failed to authorize her transportation and LogistiCare was responsible for her death because it failed to transport her.  Those allegations are straightforward and clear and defendant does not explain how they are ambiguous.

Second, and "[e]ven more troubling" to defendant, the third amended complaint "conceded that [defendant] told [the decedent] [(*sic*)] on November 11, 2015, that 'an authorization was on file for the necessary transportation,' yet somehow, at the same time, alleged that [defendant] was negligent on

---

8      Defendant's demurrer did not argue the wrongful death cause of action was unintelligible.

12

November 12, 2015,[9] because 'the transportation was never provided.'" Defendant asserts these are "ambiguous and mutually exclusive allegations" that are insufficient to put it on reasonable notice of plaintiff's theory of liability. Read in the context of other allegations in the third amended complaint, these allegations are neither ambiguous nor mutually exclusive. Fairly read, the third amended complaint alleged defendant told plaintiff an authorization was on file when it was not, and defendant's negligent failure to ensure that a valid authorization was communicated to LogistiCare caused the decedent not to be transported.

Plaintiff's third amended complaint sufficiently alleged facts stating a cause of action for wrongful death and those allegations were not uncertain or ambiguous.[10]

B.      *Summary Adjudication*

Plaintiff next contends the trial court erred in granting defendant's motion for summary judgment as to her negligence cause of action. We disagree.

---

9      The third amended complaint does not contain an allegation concerning November 12, 2015.

10      In light of our holding that the trial court erred in sustaining defendant's demurrer to plaintiff's wrongful death cause of action, we need not address plaintiff's argument that the court erred in denying her leave to file a fourth amended complaint reasserting a wrongful death cause of action.

13

1.     Standard of Review

"On review of an order granting summary adjudication, we apply the same standard of review applicable on appeal from a grant of summary judgment.  [Citation.]"  (*Schofield v. Superior Court* (2010) 190 Cal.App.4th 154, 156.)  "'"A trial court properly grants a motion for summary judgment only if no issues of triable fact appear and the moving party is entitled to judgment as a matter of law.  (Code Civ. Proc., § 437c, subd. (c); see also *id.*, § 437c, subd. (f) [summary adjudication of issues].)"'"  (*State of California v. Allstate Ins. Co.* (2009) 45 Cal.4th 1008, 1017.)  "We review the trial court's decision [on a summary judgment motion] de novo, considering all of the evidence the parties offered in connection with the motion (except that which the court properly excluded) and the uncontradicted inferences the evidence reasonably supports.  [Citation.]"  (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 476.)

"[I]n moving for summary judgment, a 'defendant . . . has met' his 'burden of showing that a cause of action has no merit if' he 'has shown that one or more elements of the cause of action . . . cannot be established, or that there is a complete defense to that cause of action.  Once the defendant . . . has met that burden, the burden shifts to the plaintiff . . . to show that a triable issue of one or more material facts exists as to that cause of action or a defense thereto.  The plaintiff . . . may not rely upon the mere allegations or denials' of his 'pleadings to show that a triable issue of material fact exists but, instead,' must 'set forth the specific facts showing that a triable issue of material fact exists as to that cause of action or a defense thereto.'  (Code Civ.

14

Proc., § 437c, subd. (o)(2).)" (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 849.)

In making a motion for summary judgment, a defendant may rely on the complaint in framing the issues upon which it seeks adjudication. "The pleadings play a key role in a summary judgment motion. "The function of the pleadings in a motion for summary judgment is to delimit the scope of the issues . . ."' and to frame 'the outer measure of materiality in a summary judgment proceeding.' [Citation.] . . . 'The materiality of a disputed fact is measured by the pleadings [citations], which "set the boundaries of the issues to be resolved at summary judgment." [Citations.]' [Citation.] Accordingly, the burden of a defendant moving for summary judgment only requires that he or she negate plaintiff's theories of liability as alleged in the complaint; that is, a moving party need not refute liability on some theoretical possibility not included in the pleadings. [Citations.]" (*Hutton v. Fidelity National Title Co.* (2013) 213 Cal.App.4th 486, 493.)

2. <u>Plaintiff's Damages Claim</u>

As stated above, under Code of Civil Procedure section 377.34, subdivision (a), "[i]n an action or proceeding by a decedent's personal representative or successor in interest on the decedent's cause of action, the damages recoverable are limited to the loss or damage that the decedent sustained or incurred before death, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived, and do not include damages for pain, suffering, or disfigurement."

15

In her third amended complaint, plaintiff did not seek to recover any damages permitted by Code of Civil Procedure section 377.34—i.e., loss or damage the decedent incurred before her death.  Instead, she sought to recover for her own pain and suffering caused by the decedent's death and expenses for the decedent's funeral and burial costs.  The trial court correctly ruled that plaintiff could not recover these damages and, accordingly, properly granted defendant's summary adjudication motion.  (*Duarte v. Zachariah* (1994) 22 Cal.App.4th 1652, 1661–1662 ["'actual damage' in the sense of 'harm' is necessary to a cause of action in negligence . . ."]; 6 Witkin, Summary of Cal Law (9th ed. 1988) Torts, § 1315, p. 775 ["It is a fundamental principle that a *negligent* act does not give rise to liability without damages"].)

## IV. DISPOSITION

The judgment is reversed as to the trial court's ruling sustaining defendant's demurrer to plaintiff's wrongful death cause of action and affirmed as to its ruling granting defendant's summary adjudication motion on plaintiff's damages claim in her negligence cause of action. The parties are to bear their own costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

BAKER, Acting P. J.

MOOR, J.

17