## In re FERRERO LITIGATION.

Case No. 11–CV–205 H (CAB).

United States District Court,
S.D. California.

June 30, 2011.

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

MARILYN L. HUFF, District Judge.

On April 18, 2011, Defendant Ferrero U.S.A., Inc. ("Ferrero") filed a motion to dismiss Plaintiffs' consolidated complaint. (Doc. Nos. 30–31.) On May 31, 2011, Plaintiffs filed a response in opposition to Defendant's motion to dismiss. (Doc. No. 39.) On June 13, 2011, Defendant filed a reply in support of its motion. (Doc. No. 42.) The Court determined this matter to be appropriate for resolution without oral argument and submitted it on the parties' papers pursuant to Local Civil Rule 7.1(d)(1). (Doc. No. 41.) For the following reasons, the Court GRANTS IN PART and DENIES IN PART Defendant's motion to dismiss.

### Background

This is a consolidated consumer class action lawsuit brought on behalf of people who have purchased Ferrero's Nutella® spread after relying on allegedly deceptive and misleading labeling and advertisements. (Doc. No. 14, Cons. Compl.) Specifically, Plaintiffs allege that Ferrero misleadingly promotes its Nutella® spread as healthy and beneficial to children when in fact it contains dangerous levels of fat and sugar. (*Id.* ¶ 99–102.) Based on these representations, Plaintiffs bring causes of action alleging (1) violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof.Code §§ 17200 et seq.; (2)

violations of California's False Advertising Law, ("FAL"), Cal. Bus. & Prof.Code §§ 17500 et seq.; (3) violations of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ.Code §§ 1770 et seq.; (4) breach of express warranty; and (5) breach of implied warranty of merchantability. (*Id.*)

## Discussion

### I. Motion to Dismiss Pursuant to Fed. R.Civ.P. 12(b)(6)

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.2001). Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*quoting Twombly*, 550 U.S. at 557, 127 S.Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (citing 5 *C. Wright & A. Miller, Federal Practice and Procedure* § 1216, pp. 235–36 (3d ed. 2004)). "All allegations of material fact are taken as true and construed in the light most favorable to plaintiff. However,

conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir.1996); see also *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955.

### II. Plaintiff's Complaint

#### A. Standing under UCL, FAL, and CLRA

As an initial matter, Ferrero argues that Plaintiffs lack standing under the UCL, FAL, and CLRA to pursue claims based on statements that appear on Nutella®'s website. (Doc. No. 30–1 at 16.) Ferrero argues that neither of the named Plaintiffs alleges that she visited the website, and, therefore, neither Plaintiff actually relied on statements from the website before purchasing Nutella®. (*Id.*) Plaintiffs argue that they did not have to visit the website because the representations on the website were part of Ferrero's overall advertising campaign. (Doc. No. 39 at 17–19.)

In order to assert a claim under the UCL or FAL, a person must have "suffered injury in fact and ha[ve] lost money or property as a result of such unfair competition." Cal. Bus. & Prof. Code §§ 17204, 17535. Therefore, actual reliance is required to have standing to sue under the UCL or FAL. *Kwikset Corp. v. Sup. Ct.*, 51 Cal.4th 310, 326–27, 120 Cal. Rptr.3d 741, 246 P.3d 877 (2011); *In re Tobacco II Cases*, 46 Cal.4th 298, 306, 93 Cal.Rptr.3d 559, 207 P.3d 20 (2009) (A plaintiff "proceeding on a claim of misrepresentation as the basis of his or her UCL action must demonstrate actual reliance on the allegedly deceptive or misleading statements, in accordance with well-settled principles regarding the element of reliance in ordinary fraud actions."). In addition, actual reliance is required to have standing to sue under the CLRA. *See*

*Cohen v. DIRECTV, Inc.,* 178 Cal.App.4th 966, 973, 101 Cal.Rptr.3d 37 (2009).

In the consolidated complaint, Plaintiffs allege that Ferrero's Nutella® website contains various misrepresentations. (Doc. No. 14 ¶¶ 78–89.) However, Plaintiffs both allege that they only relied on representations from Nutella®'s label and television advertisements in purchasing Nutella®. *(Id.* ¶¶ 105–06.) In their briefing, Plaintiffs admit that they have not personally visited the website. (Doc. No. 39 at 19.) Therefore, Plaintiffs did not actually rely on any statements from Ferrero's website in making their decision to buy Nutella®.

■ Plaintiffs argue that they did not have to rely on the individual misrepresentations on the website because they were part of a long-term, multifaceted advertising campaign, citing *In re Tobacco II Cases,* 46 Cal.4th 298, 93 Cal.Rptr.3d 559, 207 P.3d 20 (2009). (Doc. No. 39 at 19.) However, *Tobacco II* is distinguishable from this action because although Plaintiffs argue that they were exposed to a long-term advertising campaign in their opposition, Plaintiffs never allege this in their consolidated complaint. *See id.* at 328, 93 Cal.Rptr.3d 559, 207 P.3d 20 ("[W]here, as here, a plaintiff alleges exposure to a long-term advertising campaign, the plaintiff is not required to plead with an unrealistic degree of specificity that the plaintiff relied on particular advertisements or statements."); *cf. Tietsworth v. Sears, Roebuck & Co.,* 720 F.Supp.2d 1123, 1145 (N.D.Cal.2010) (" 'It is axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss.' "). In addition, the other cases Plaintiffs cite are two cases relying on this language from the *Tobacco II* case, *see, e.g., Morey v. NextFoods, Inc.,* 2010 WL 2473314, at \*2, 2010 U.S. Dist. LEXIS 67990, at \*5 (S.D.Cal.2010); *Rikos v. P & G,* 782 F.Supp.2d 522, 533–34, 2011 WL

1707209, at \*7, 2011 U.S. Dist. LEXIS 49076, at \*24 (S.D.Ohio 2011), and one case interpreting Florida law. *See, e.g., Fitzpatrick v. General Mills, Inc.,* 263 F.R.D. 687 (S.D.Fla.2010). Accordingly, based on the allegations in the consolidated complaint, Plaintiffs did not actually rely on the statements on Nutella®'s website before making their purchases and lack standing to challenge these statements under the UCL, FAL, and CLRA. *Kwikset,* 51 Cal.4th at 326–27, 120 Cal.Rptr.3d 741, 246 P.3d 877; *Tobacco II,* 46 Cal.4th at 306, 93 Cal.Rptr.3d 559, 207 P.3d 20; *Cohen,* 178 Cal.App.4th at 973, 101 Cal. Rptr.3d 37.

## B. Federal Preemption

In the consolidated complaint, Plaintiffs allege that Ferrero deceptively omits that Nutella® contains artificial flavoring. (Doc. No. 14 ¶ 97.) Ferrero argues that any state law claim based on this alleged omission on Nutella®'s label would be preempted by the Nutrition Labeling and Education Act ("NLEA"). (Doc. No. 30–1 at 12–13.) Plaintiffs argue that they are not challenging the adequacy of the disclosure, but rather are merely alleging that Ferrero's disclosures are deceptive. (Doc. No. 39 at 11.)

The Federal Food, Drug, and Cosmetic Act ("FDCA") was enacted in 1938. "It prohibits the misbranding of food." *Chacanaca v. Quaker Oats Co.,* 752 F.Supp.2d 1111, 1116 (N.D.Cal.2010); *see also Peviani v. Hostess Brands, Inc.,* 750 F.Supp.2d 1111, 1117 (C.D.Cal.2010). In 1990, Congress amended the FDCA through the passage of the Nutrition Labeling and Education Act ("NLEA"). The NLEA aimed to "clarify and ... strengthen the Food and Drug Administration's legal authority to require nutrition labeling on foods, and to establish the circumstances under which claims may be made about nutrients in

foods." H.R.Rep. No. 101–538, at 7 (1990), reprinted in 1990 U.S.C.C.A.N. 3336, 3337.

"The many subsections of 21 U.S.C. § 343 establish the conditions under which food is considered 'misbranded.'" *Chacanaca*, 752 F.Supp.2d at 1116. Generally, food is misbranded under 21 U.S.C. § 343(a)(1) if "its labeling is false or misleading in any particular." Specifically, 21 U.S.C. § 343(k) instructs that a food is misbranded if "it bears or contains any artificial flavoring, artificial coloring, or chemical preservative, unless it bears labeling stating that fact."

■ The Supremacy Clause of the United States Constitution empowers Congress to enact legislation that preempts state law. *See Gibbons v. Ogden*, 22 U.S. 1, 211, 9 Wheat. 1, 6 L.Ed. 23 (1824) ("In every such case, the act of Congress, or the treaty, is supreme; and the law of the State, though enacted in the exercise of powers not controverted, must yield to it."); *Law v. General Motors Corp.*, 114 F.3d 908, 909 (9th Cir.1997) ("The Supremacy Clause empowers Congress to supplant decentralized, state-by-state regulation with uniform national rules"). "Federal preemption occurs when: (1) Congress enacts a statute that explicitly pre-empts state law; (2) state law actually conflicts with federal law; or (3) federal law occupies a legislative field to such an extent that it is reasonable to conclude that Congress left no room for state regulation in that field." *Chae v. SLM Corp.*, 593 F.3d 936, 941 (9th Cir.2010) (quoting *Tocher v. City of Santa Ana*, 219 F.3d 1040, 1045 (9th Cir.2000)). The first circumstance is at issue here.

■ The Supreme Court has instructed that a court must "start with the assumption that the historic police powers of the States were not to be superseded by [a] Federal Act unless that was the clear and manifest purpose of Congress." *United States v. Locke*, 529 U.S. 89, 107, 120 S.Ct. 1135, 146 L.Ed.2d 69 (2000) (internal quotation marks omitted). This presumption against preemption is heightened where "federal law is said to bar state action in fields of traditional state regulation." *N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 655, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995). In light of the historical "primacy of state regulation of matters of health and safety," *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485, 116 S.Ct. 2240, 135 L.Ed.2d 700 (1996), courts can assume that "state and local regulation related to [such] matters ... can normally coexist with federal regulations." *Hillsborough County v. Automated Med. Labs., Inc.*, 471 U.S. 707, 718, 105 S.Ct. 2371, 85 L.Ed.2d 714 (1985). However, consumer protection laws, such as the UCL, FAL, and CRLA, are nonetheless preempted if they seek to impose requirements that contravene the requirements set forth by federal law. *See Wyeth v. Levine*, 555 U.S. 555, 129 S.Ct. 1187, 1200, 173 L.Ed.2d 51 (2009). Where Congress does provide for express preemption, the presumption against preemption requires courts to read the clause narrowly. *Medtronic*, 518 U.S. at 485, 116 S.Ct. 2240.

The NLEA states that it "shall not be construed to preempt any provision of State law, unless such provision is expressly preempted under [21 U.S.C. § 343–1(a) ] of the [FDCA]." Pub.L. No. 101–535, § 6(c)(1), 104 Stat. 2353, 2364. *See also In re Farm Raised Salmon Cases*, 42 Cal.4th 1077, 1091, 72 Cal.Rptr.3d 112, 175 P.3d 1170 (2008) ("Congress made clear that the preemptive scope of section 343–1 was to sweep no further than the plain language of the statute itself."). Under § 343–1(a), the NLEA expressly preempts any state or political subdivision of a state from directly or indirectly establishing "any requirement for the labeling of food of the type required by section ... 403(k) [21

U.S.C. § 343(k)] that is not identical to the requirement of such section." 21 U.S.C. § 343–1(a)(3). "'Not identical' . . . means that the State requirement directly or indirectly imposes obligations or contains provisions concerning the composition or labeling of food, or concerning a food container, that: (i) Are not imposed by or contained in the applicable provision [or regulation]; or (ii) Differ from those specifically imposed by or contained in the applicable provision [or regulation]." 21 C.F.R. § 100.1(c)(4).

■ In the consolidated complaint, Plaintiffs allege that Ferrero has deceptively omitted "that Nutella® contains artificial flavoring." (Doc. No. 14 ¶ 97.) Therefore, despite their contentions, Plaintiffs do appear to be challenging the adequacy of Ferrero's disclosure of this ingredient. Further, the Court concludes that to the extent this allegation applies to Nutella®'s label, it is preempted. Nutella®'s label lists "VANILLIN: AN ARTIFICIAL FLAVOR" as one of its ingredients. (Doc. No. 30–3, Declaration of Amir Steinhart Ex. A.)[1] Because Nutella®'s label states the fact that it contains vanillin, an artificial flavor, the label complies with the disclosure requirements of 21 U.S.C. § 343(k). Requiring any further disclosure of the artificial flavoring ingredient on Nutella®'s label would impose a requirement different from the labeling requirements of section 343(k). Accordingly, any such claim would be preempted by the NLEA. *See* 21 U.S.C. § 343–1(a)(3).

■ Ferrero also argues that Plaintiffs' claims are preempted to the extent they rely on the statements: "Hazelnut Spread with Skim Milk & Cocoa," and

"Made with over 50 Hazelnuts per Jar." (Doc. No. 30–1 at 9–12.) Federal Rule of Civil Procedure 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R.Civ.P. 9(b). Under Rule 9(b), "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106. Rule 9(b)'s heightened pleading standards apply to claims for violation of the UCL, FAL, or CLRA that are grounded in fraud. *See Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1103–06 (9th Cir. 2003); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir.2009). The only "where" that Plaintiffs provide for those two statements are Ferrero's website and Ferrero's television advertisements. (Doc. No. 14 ¶¶ 79–81, 91–92) Ferrero does not argue that statements from the television advertisements are preempted, (Doc. No. 30–1 at 7), and the Court has concluded that, based on the allegations in the consolidated complaint, Plaintiffs lack standing to challenge the statements from Nutella®'s website. *See supra* Section II.A. Accordingly, the Court declines to consider at this time whether these statements are preempted.

## C. Reasonable Consumer Test and Puffery

Ferrero argues that Plaintiffs' UCL, FAL, and CLRA claims should be dismissed because none of the statements challenged by Plaintiffs are likely to deceive an ordinary consumer. (Doc. No. 30–1 at 13–20.) Ferrero also argues that some of the challenged statements like

---

1. The Court may properly consider exhibit A, Nutella®'s label, because the consolidated complaint "necessarily relies" on this document. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir.2006) ("A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.").

"tasty yet balanced breakfast" constitute non-actionable puffery. (*Id.* at 15.) Plaintiffs argue that their allegations are sufficient to satisfy the reasonable consumer test at the pleading stage. (Doc. No. 39 at 12–14.) Plaintiffs also argue that the statements at issue in their complaint are concrete factual assertions and not puffery. (*Id.* at 14–17.)

▮ California's UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. California's FAL prohibits any "unfair, deceptive, untrue or misleading advertising." *Id.* § 17500. California's CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices." Cal. Civ.Code § 1770. Under these California statutes, conduct is deceptive or misleading if it is likely to deceive an ordinary consumer. *Williams v. Gerber Products Co.,* 552 F.3d 934, 938 (9th Cir.2008). "California courts ... have recognized that whether a business practice is deceptive will usually be a question of fact not appropriate for decision on demurrer." *Id.* at 939; *accord. Linear Tech. Corp. v. Applied Materials, Inc.,* 152 Cal.App.4th 115, 134–35, 61 Cal.Rptr.3d 221 (2007).

▮ "Generalized, vague, and unspecified assertions constitute 'mere puffery' upon which a reasonable consumer could not rely, and hence are not actionable" under the UCL, FAL, or CLRA. *Anunziato v. eMachines, Inc.,* 402 F.Supp.2d 1133, 1139 (C.D.Cal.2005); *see Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv.,* 911 F.2d 242, 245 (9th Cir.1990); *Williams v. Gerber Products Co.,* 523 F.3d 934, 939 n. 3 (9th Cir.2008). Puffery involves "outrageous generalized statements, not making specific claims, that are so exaggerated as to preclude reliance by consumers." *Cook,* 911 F.2d at 246 (quotations omitted). "While product superiority claims that are vague or highly subjective often amount to nonactionable puffery, 'misdescriptions of specific or absolute characteristics of a product are actionable.'" *Southland Sod Farms v. Stover Seed Co.,* 108 F.3d 1134, 1145 (9th Cir.1997) (citations omitted). Whether a statement is puffery may be decided as a matter of law on a motion to dismiss. *Cook,* 911 F.2d at 245. However, it is a "rare situation" where granting a motion to dismiss claims under the UCL is appropriate. *Williams,* 552 F.3d at 939.

▮ The Court concludes that this not one of the "rare situations" where granting a motion to dismiss these claims is appropriate. Based on the allegations in the consolidated complaint, it would not be impossible for Plaintiffs to prove that a reasonable consumer would be deceived by the statements. *See Williams,* 552 F.3d at 939. The Court also rejects Ferrero's contention that because its statements are true they cannot be actionable. A statement may be deceptive and actionable under the UCL, FAL, and CLRA even though it is truthful. *See Morgan v. AT & T Wireless Servs., Inc.,* 177 Cal.App.4th 1235, 1255, 99 Cal.Rptr.3d 768 (2009) ("A perfectly true statement couched in such a manner that it is likely to mislead or deceive the consumer, such as by failure to disclose other relevant information, is actionable under the UCL." (internal quotation marks omitted)); *Leoni v. State Bar,* 39 Cal.3d 609, 626, 217 Cal.Rptr. 423, 704 P.2d 183 (1985) (The UCL and FAL "have been interpreted broadly to embrace not only advertising which is false, but also advertising which although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public.").

Moreover, with respect to Ferrero's puffery argument, the allegations in the complaint appear to be specific rather than generalized or vague, and the Court de-

clines to dismiss these statements as puffery at this time. *See Cook*, 911 F.2d at 246. Further, even if some of the statements relied on by Plaintiff standing on their own may constitute puffery, those statements contribute "to the deceptive context of the packaging as a whole." *Williams*, 523 F.3d at 939 n. 3. Given their context, the Court would decline to dismiss these statements as well. *See id.*; *see also Franklin Fueling Sys. v. Veeder–Root Co.*, 2009 WL 2462505, at *7, 2009 U.S. Dist. LEXIS 72953, at *22 (E.D.Cal.2009) ("[W]here at least some actionable statements have been pled, a claim cannot be dismissed on the ground that some statements constitute mere puffery.") Accordingly, at this time, the Court declines to dismiss Plaintiffs' UCL, FAL, and CLRA claims for failure to satisfy the reasonable consumer test or as non-actionable puffery.

### D. CLRA

■ Ferrero argues that Plaintiffs' claim for violations of the CLRA should be dismissed because Plaintiffs' allegations regarding the CLRA merely provide labels and conclusions. (Doc. No. 30–1 at 23.) Plaintiffs argue that their allegations are sufficient as they detail Ferrero's behavior with respect to each CLRA section it allegedly violated. (Doc. No. 39 at 20.) The Court agrees with Plaintiffs. The consolidated complaint gives a detailed list of the representations that Plaintiffs challenge, (Doc. No. 14 ¶¶ 76–98), and the complaint later lists the sections of the CLRA that Ferrero has allegedly violated along with a statement of how the section was violated. (*Id.* ¶ 156.) These allegations are more than mere labels and conclusions, and they satisfy Rule 8's pleading requirements. *See Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. Accordingly, the Court declines to dismiss Plaintiffs' CLRA claim.

### E. "Unfair" and "Unlawful" conduct under the UCL

Ferrero argues that Plaintiffs have failed to state a claim for "unfair" or "unlawful" conduct under the UCL. (Doc. No. 30–1 at 20–22.) Plaintiffs argue that they have sufficiently plead causes of action for these two prongs of the UCL. (Doc. No. 39 at 21–22.)

■ The UCL has three prongs; it can be violated by conduct that is "fraudulent," "unfair," or "unlawful." *See Cel–Tech Commc'ns, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 180, 83 Cal.Rptr.2d 548, 973 P.2d 527 (1999); *Blakemore v. Sup. Ct.*, 129 Cal.App.4th 36, 48–49, 27 Cal.Rptr.3d 877 (2005). "Whether a practice is deceptive, fraudulent, or unfair is generally a question of fact which requires 'consideration and weighing of evidence from both sides' and which usually cannot be made on demurrer." *Linear Tech.*, 152 Cal.App.4th at 134–35, 61 Cal. Rptr.3d 221.

With respect to the "unlawful" prong, the complaint alleges that Ferrero's conduct is unlawful because it violates the Federal Food, Drug, and Cosmetic Act ("FDCA"), California's Sherman Food, Drug, and Cosmetic Law ("Sherman Law"), the FAL, and the CLRA. (Doc. No. 14 ¶¶ 132–35.) Ferrero argues that this claim should be dismissed because Plaintiffs have not stated a violation of these four statutes. (Doc. No. 30–1 at 20–21.) The Court has previously stated that it declines to dismiss Plaintiffs' FAL and CLRA claims. *See supra* sections II.C, II.D. In addition, at this time and giving all inferences to the Plaintiffs, the Court cannot conclude as a matter of law that Ferrero has not violated the FDCA or the Sherman Law. *See Linear Tech.*, 152 Cal. App.4th at 134–35, 61 Cal.Rptr.3d 221; *Williams*, 552 F.3d at 939. Accordingly, Plaintiffs can rely on these statutes in

bringing their claim under the "unlawful" prong of the UCL, and the Court declines to dismiss this claim.

■■■ With respect to the "unfair" prong, the consolidated complaint alleges that the false and misleading labeling of Nutella® is "unfair" because such conduct is immoral, unscrupulous, and offends public policy. (Doc. No. 14 ¶ 142.) Ferrero argues that Plaintiffs' claim should be dismissed because their claim seeks to bar the sale of any food that contains the levels of fat and sugar that are contained in Nutella®. (Doc. No. 30–1 at 21–22.) Plaintiffs argue that their allegations are sufficient, and they are not seeking to prohibit the sale of Nutella®. (Doc. No. 39 at 21–22.)

California courts define an unfair business practice as either a practice that undermines a legislatively declared policy or threatens competition, or a practice that has an impact on its alleged victim that outweighs the reasons, justifications, and motives of the alleged wrongdoer. *Lozano v. AT & T Wireless Servs., Inc.*, 504 F.3d 718, 736 (9th Cir.2007); *see Cel–Tech*, 20 Cal.4th at 186–87, 83 Cal.Rptr.2d 548, 973 P.2d 527; *South Bay Chevrolet v. General Motors Acceptance Corp.*, 72 Cal. App.4th 861, 886, 85 Cal.Rptr.2d 301 (1999). Applying the *South Bay* balancing test, Defendant's practices may be considered unfair if the utility of its conduct is outweighed by the gravity of the harm that Plaintiffs allegedly suffered. *See id.* The Court concludes that Plaintiffs' allegations are sufficient to withstand a motion to dismiss. Plaintiffs have plausibly alleged that the utility of Ferrero's advertising and labeling is outweighed by the harm they have suffered. *See Linear Tech.*, 152 Cal.App.4th at 134–35, 61 Cal. Rptr.3d 221; *Williams*, 552 F.3d at 939. In addition, despite Ferrero's contentions, Plaintiffs are only attempting to change Nutella®'s marketing, not prohibit its sale.

Accordingly, the Court declines to dismiss this claim.

### F. Breach of Express Warranty

Plaintiffs allege that Ferrero breached an express warranty based on representations made to the public on Nutella®'s advertising, packaging, and other means. (Doc. No. 14 ¶¶ 161–65.) Ferrero argues that Plaintiffs' claim fails because it relies on implication rather than any affirmative statement of fact regarding Nutella®. (Doc. No. 30–1 at 23–24; Doc. No. 42 at 10.) Plaintiffs argue that the statements in Ferrero's advertising campaign were sufficiently specific and unequivocal to create an express warranty. (Doc. No. 39 at 23–24.)

California Commercial Code section 2313 provides that an express warranty is created by: "(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise"; and "(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." Cal. Com.Code § 2313.

■■■ "In order to plead a cause of action for breach of express warranty, one must allege the exact terms of the warranty, plaintiff's reasonable reliance thereon, and a breach of that warranty which proximately causes plaintiff injury." *Williams v. Beechnut Nutrition Corp.*, 185 Cal. App.3d 135, 142, 229 Cal.Rptr. 605 (1986). A complaint satisfies these requirements where it "alleges [defendant] 'utilized the advertising media to urge the use and application of [the subject product] and expressly warranted to the general public including plaintiff herein, that said product was effective, proper and safe for its in-

tended use.'" *Id.*; *see also Aaronson v. Vital Pharms., Inc.*, 2010 WL 625337, at *6, 2010 U.S. Dist. LEXIS 14160, at *17 (S.D.Cal.2010) ("Statements made by a manufacturer through its advertising efforts can be construed as warranty statements." (citing *Keith v. Buchanan*, 173 Cal.App.3d 13, 21–22, 220 Cal.Rptr. 392 (1985))).

Based on the allegations in the complaint and giving all inferences to Plaintiffs, the challenged statements are sufficiently specific and unequivocal to constitute an affirmative of fact or promise. *See Morey*, 2010 WL 2473314, at *2–3, 2010 U.S. Dist. LEXIS 67990, at *5–6; *In re Toyota Unintended Acceleration Cases*, 754 F.Supp.2d 1145, 1182 (C.D.Cal.2010); *see also Keith*, 173 Cal.App.3d at 21, 220 Cal.Rptr. 392 ("'The determination as to whether a particular statement is an expression of opinion or an affirmation of a fact is often difficult, and frequently is dependent upon the facts and circumstances existing at the time the statement is made.'"). Accordingly, at this time, the Court declines to dismiss Plaintiffs' breach of express warranty claim.

### G. Breach of Implied Warranty of Merchantability

Plaintiffs allege that Ferrero breached the implied warranty of merchantability because Nutella is not in fact "an example of a healthy and balanced breakfast" and is also not a "healthy" nor "nutritious" breakfast food, as represented on the product's advertising, packaging, and other means. (Doc. No. 14 ¶¶ 166–71.) Ferrero argues that Nutella® does not breach this warranty because it is fit for its ordinary purpose, human consumption. (Doc. No. 30–1 at 24–25.) Plaintiffs argue that a plaintiff can also state claim for breach of the implied warranty of merchantability if he or she alleges that the good does not conform to the promises or affirmations of

fact made on the container or label. (Doc. No. 39 at 24.)

Under California Commercial Code § 2314(1), "a warranty that the goods shall be merchantable is implied in a contract for their sale." The California Supreme Court has explained that "[m]erchantability has several meanings, two of which are relevant to the instant case: the product must '[conform] to the promises or affirmations of fact made on the container or label,' and must be 'fit for the ordinary purposes for which such goods are used.'" *Hauter v. Zogarts*, 14 Cal.3d 104, 118, 120 Cal.Rptr. 681, 534 P.2d 377 (1975) (citing Cal. Com. Code § 2315(2)(c), (f)).

Although Ferrero argues that Nutella® is fit for its ordinary purpose of consumption, Plaintiffs are bringing their claim under a different definition of merchantability, whether the product conforms with "the promises or affirmations of fact made on the container or label." Cal. Com.Code § 2314(2)(f). Accordingly, the Court declines to dismiss Plaintiffs' claim for breach of the implied warranty of merchantability.

### *Conclusion*

For the reasons above, the Court GRANTS IN PART and DENIES IN PART Defendant Ferrero's motion to dismiss the consolidated complaint. The Court grants Plaintiffs 30 days from the date of this order to amend or cure any deficiencies—if they can—in an amended consolidated complaint.

**IT IS SO ORDERED.**