Filed 2/7/18; Certified for Publication 2/27/18 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| AGUSTIN LEYVA et al., | F073398 |
| Plaintiffs and Appellants, | |
| v. | (Super. Ct. No. CV282888) |
| ABEL GARCIA, | **OPINION** |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Kern County. Lorna H. Brumfield, Judge.

Law Offices of Oscar R. Swinton and Oscar R. Swinton for Plaintiffs and Appellants.

Veatch Carlson, and John E. Stobart for Defendant and Respondent.

-ooOoo-

A fire in an upstairs apartment caused injuries to several tenants—plaintiffs Agustin Leyva, Agustin Leyva, Jr., Melissa Vidal, and Jazmine Aurora Vidal—who sued their landlord—defendant Abel Garcia—for alleged negligence. It was undisputed that the heat source of the fire's ignition was a gas wall heater in the upstairs apartment, but it

was uncertain what actually caused the fire to ignite. One possibility was the heater malfunctioned; another was that plaintiffs placed combustible material too close to the heater. Defendant filed a motion for summary judgment on the ground plaintiffs were unable to establish causation, an essential element of a negligence cause of action. In support of the motion, defendant provided expert opinions of two fire investigators. Plaintiffs failed to produce any evidence in opposition to the motion. The trial court found defendant met his initial burden of showing plaintiffs could not prove causation, and thus the burden shifted to plaintiffs to set forth evidence demonstrating a triable issue of material fact. Since plaintiffs failed to do so, the trial court granted defendant's motion for summary judgment. Plaintiffs appeal from the resulting judgment. We affirm the judgment of the trial court.

## FACTS AND PROCEDURAL BACKGROUND

Plaintiffs resided in the upstairs apartment of a two-story home converted into two apartments. Defendant was the owner of the two-story home and rented the upstairs apartment to plaintiffs. On February 24, 2013, a fire erupted in the upstairs apartment. Plaintiffs asserted they sustained personal injuries and property damage from the fire.

*Plaintiffs' Complaint*

On September 2, 2014, plaintiffs filed their form pleading complaint for personal injury and property damage (the complaint). The complaint set forth causes of action described as "General Negligence" and "Premises Liability." The general negligence cause of action asserted as follows: "The Defendants and each of them … negligently owned, operated, controlled, managed [and] maintained their apartment building in such a negligent manner so as to cause a fire to occur in said building thereby proximately and directly causing injuries to" plaintiffs. The premises liability cause of action alleged:

> "On February 24, 2013, plaintiff[s were] injured on the following premises
> in the following fashion: [¶] Apartment … in which plaintiffs lived caught
> fire due to failure of heat source that was installed too close to
> combustibles. Plaintiffs suffered burns and loss of personal property."

2.

*Defendant's Motion for Summary Judgment*

On November 6, 2015, defendant filed his motion for summary judgment. Defendant's motion was made on the ground the evidence showed the fire's cause cannot be determined, and thus, "[p]laintiffs are unable to prove the necessary element of causation." In support of the motion, defendant submitted the deposition testimony of fire battalion chief Danny Brown (Fire Chief Brown) and the declaration of Edward Watts, who both have expertise in investigating and detecting the cause of fires.

According to his deposition testimony, Fire Chief Brown investigated the fire on the same day the fire occurred. From his inspection of the upstairs apartment, he determined the source of the fire was a gas wall heater found on the floor of the apartment in the living room area. He explained the reasons for his determination the wall heater was the source of the fire: "The wall heater—the burn indicators on the ground—there was a couch within six inches of the heater. The indicators in both the roof, the attic area, the walls and the couch, itself, all pointed back to the heater that was—the heater was the source of the heat. It was our ignition source." In response to a question whether he made a determination the wall heater malfunctioned, Fire Chief Brown stated,

> "No. And I noted that in my report, that without forensic testing on the wall heater, itself, there's no—all I know—all I can tell you for certainty is that the wall heater was the ignition source. I have no idea whether it malfunctioned or if a blanket was thrown onto it or if the couch was too close. All I can tell you is that was the source of the ignition."

Fire Chief Brown acknowledged the cause of the fire could have been combustible items in close proximity to the heater, such as the sofa, blankets, or pillows. Another possible cause was a wall heater malfunction, but he made no determination a malfunction occurred. Again, that would have taken independent forensic testing of the heater, which was not done. "The heater was the heat source. Whether or not it was the cause, I have no way of knowing." He added, "I know where the fire started. I just can't tell you for

3.

sure that the heater … malfunctioned. I don't know. I know that that is the ignition source of this fire."

Defendant's motion also relied on the declaration of Edward Watts, an expert fire investigator. According to Watts's declaration, he arrived at the subject property on February 28, 2013, about four days after the fire, to conduct his investigation. Based on an interior inspection, Watts "determined that the source of origin of the fire was on the north wall of the living room around the natural gas wall heater." Watts noted that "[a]pproximately 18 inches south of the wall heater, [he] observed severely fire damaged springs and remains of a sofa." Based on his investigation, Watts made the following determinations about the fire:

> "a) After eliminating all other causes and completing my investigation, the area of origin of the fire was the north wall in the living room of the 2nd floor apartment located on the subject property; [¶] b) the first point of origin for ignition of the fire was a sofa located approximately 6 inches from the natural gas wall heater on the north wall of the living room of the second floor apartment; [¶] c) an accidental cause of a mechanical malfunction of the natural gas wall heater cannot be eliminated, however the heater no longer exists for inspection; [¶] d) an accidental cause of combustibles i.e. sofa too close to in-use wall heater cannot be eliminated."

Finally, Watts stated the following concluding opinion about the fire's cause:

> "It is my opinion that the cause of this fire must be classified as undetermined at this time due to insufficient evidence to make a conclusive determination as to the fire's exact cause. The two possible ignition sources are either a mechanical malfunction of the natural gas heater or highly combustible material (the sofa) placed too close to the wall heater while in operation."

Defendant's motion for summary judgment included a separate statement setting forth the several material assertions from Fire Chief Brown's deposition and Watts's declaration regarding the origin and possible causes of the fire.

### Plaintiffs' Opposition

On December 10, 2015, plaintiffs filed a memorandum of points and authorities in opposition to defendant's motion for summary judgment. Plaintiffs did not provide any

4.

evidence in opposition to the motion and did not furnish a separate statement. Instead, plaintiffs' opposition consisted solely of argument to the effect the evidence set forth in defendant's motion was insufficient to show plaintiffs cannot prove causation. That is, plaintiffs' opposition argued defendant did not meet his burden as the moving party. Among other things, plaintiffs' opposition claimed defendant's evidence did not show the fire's origin was completely unknowable but merely reflected there were a number of possible scenarios for what caused the fire to ignite. The two main scenarios were: (1) the malfunction of the heater, or (2) the presence of combustible materials (e.g., the sofa or a blanket) too close to the heater. According to plaintiffs, the fact the fire experts narrowed the instrumentality of the fire down to these possible scenarios did not constitute prima facie evidence plaintiffs will be unable to prove causation.

Defendant's reply was filed on January 15, 2016. Defendant's reply argued the motion should be granted because (1) plaintiffs failed to set forth evidence creating a triable issue of material fact regarding causation, and (2) plaintiffs failed to file a separate statement as required by Code of Civil Procedure[1] section 437c, subdivision (b)(3), and California Rules of Court, rule 3.1350(e).

On January 21, 2016, the day before the hearing on the motion, plaintiffs filed a "Supplemental Reply" to defendant's reply to plaintiffs' opposition. In this supplemental paper, plaintiffs argued that because defendant apparently disposed of the wall heater, the trial court should consider evidentiary sanctions against defendant for spoliation of evidence, including an adverse inference under Evidence Code section 413 that the missing evidence would favor plaintiffs' case, thereby providing a basis for denying the summary judgment motion.

The hearing on the motion for summary judgment was held on January 22, 2016. The focus of oral argument was plaintiffs' late-filed paper asserting potential spoliation

---

[1]Further undesignated statutory references are to the Code of Civil Procedure unless otherwise indicated.

5.

of evidence. The transcript of the hearing reflects the trial court found the spoliation of evidence argument untimely and improper because it was not reflected in a separate statement or a timely motion to continue hearing. Accordingly, that issue was not considered by the trial court. After close of oral argument, the trial court granted defendant's motion, and based thereon, a judgment was subsequently entered in defendant's favor. Plaintiffs filed a notice of appeal.

## DISCUSSION

### I.     Summary Judgment Law and Standard of Review

Summary judgment is appropriate when all of the papers submitted show there is no triable issue of material fact and the moving party is entitled to a judgment as a matter of law. (§ 437c, subd. (c).) "The purpose of the law of summary judgment is to provide courts with a mechanism to cut through the parties' pleadings in order to determine whether, despite their allegations, trial is in fact necessary to resolve their dispute." (*Aguilar v. Atlantic Richfield Co*. (2001) 25 Cal.4th 826, 843 (*Aguilar*).)

A defendant may move for summary judgment if it is contended the action has no merit. (§ 437c, subd. (a).) A defendant moving for summary judgment has the initial burden of showing, with respect to each cause of action set forth in the complaint, the cause of action is without merit. A defendant meets that burden by showing one or more elements of the cause of action cannot be established, or there is a complete defense thereto. (*Id*., subd. (p)(2).) If the defendant makes such a showing, the burden shifts to the plaintiff to produce evidence demonstrating the existence of a triable issue of material fact. (*Ibid*.; *Aguilar*, *supra*, 25 Cal.4th at p. 849.)

As further explained by the Supreme Court in *Aguilar*, "the party moving for summary judgment bears an initial burden of production to make a prima facie showing of the nonexistence of any triable issue of material fact; if he carries his burden of production, he causes a shift, and the opposing party is then subjected to a burden of production of his own to make a prima facie showing of the existence of a triable issue of

material fact. … A prima facie showing is one that is sufficient to support the position of the party in question. [Citation.] No more is called for." (*Aguilar*, *supra*, 25 Cal.4th at pp. 850–851, fn. omitted.) The prima facie showing by the moving party must be such that it would, if uncontradicted, entitle the moving party to judgment as a matter of law. (*Id*. at p. 851.) That is, "a moving defendant must present evidence which, if uncontradicted, would constitute a preponderance of evidence [i.e., show it is more likely than not] that an essential element of the plaintiff's case cannot be established." (*Kids' Universe v. In2Labs* (2002) 95 Cal.App.4th 870, 879.)

Where a moving defendant makes an adequate initial showing, the burden shifts to the plaintiff to present evidence demonstrating a triable issue of material fact. If the plaintiff fails to do so, the motion will be granted. (*Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 780–781.) In our review, we keep in mind that a summary judgment motion is directed to the issues framed by the pleadings. (*Conroy v. Regents of University of California* (2009) 45 Cal.4th 1244, 1250.) Accordingly, the burden of a defendant moving for summary judgment only requires that he or she negate a plaintiff's theories of liability *as alleged in the complaint*. (*Id*. at pp. 1253–1254.)

Summary judgment law in this state no longer requires a defendant moving for summary judgment to conclusively negate an element of the plaintiff's cause of action (e.g., if "*X*" is an essential element, by proving "*not X*"). (*Aguilar*, *supra*, 25 Cal.4th at p. 853.) Instead, a defendant may simply show the plaintiff cannot establish an essential element of the cause of action "by showing that the plaintiff does not possess, and cannot reasonably obtain, needed evidence." (*Id*. at p. 854.)[2] Thus, rather than affirmatively disproving or negating an element (e.g., causation), a defendant moving for summary judgment has the option of presenting evidence reflecting the plaintiff does not possess

---

[2]Unlike federal law, summary judgment law in California requires the defendant to *present evidence* and not simply point out through argument that the plaintiff does not possess and cannot reasonably obtain the needed evidence. (*Aguilar*, *supra*, 25 Cal.4th at p. 854; *Lona v. Citibank*, *N.A*. (2011) 202 Cal.App.4th 89, 110.)

evidence to prove that element. "The defendant may, but need not, present evidence that conclusively negates an element of the plaintiff's cause of action. The defendant may also present evidence that the plaintiff does not possess, and cannot reasonably obtain, needed evidence—as through admissions by the plaintiff following extensive discovery to the effect that he has discovered nothing" to support an essential element of his case. (*Aguilar*, *supra*, at p. 855.) Under the latter approach, a defendant's initial evidentiary showing may "consist of the deposition testimony of the plaintiff's witnesses, the plaintiff's factually devoid discovery responses, or admissions by the plaintiff in deposition or in response to requests for admission that he or she has not discovered anything that supports an essential element of the cause of action." (*Lona v. Citibank, N.A.*, *supra*, 202 Cal.App.4th at p. 110.) In other words, a defendant may show the plaintiff does not possess evidence to support an element of the cause of action by means of presenting the plaintiff's factually devoid discovery responses from which an absence of evidence may be reasonably inferred. (*Schieding v. Dinwiddie Construction Co*. (1999) 69 Cal.App.4th 64, 83.)

Thus, a moving defendant has two means by which to shift the burden of proof under the summary judgment statute: "The defendant may rely upon factually insufficient discovery responses by the plaintiff to show that the plaintiff cannot establish an essential element of the cause of action sued upon. [Citation.] [Or a]lternatively, the defendant may utilize the tried and true technique of negating ('disproving') an essential element of the plaintiff's cause of action." (*Brantly v. Pisaro* (1996) 42 Cal.App.4th 1591, 1598.) In the present case, defendant's motion for summary judgment did not refer to any discovery responses of plaintiffs from which to infer an absence of evidence on plaintiffs' part regarding causation. Rather, it appears defendant's motion sought to *negate* the causation element through the testimony of two expert fire investigators on the ground their testimony showed, in a prima facie sense, the precise chain of events resulting in the eruption of the fire was not known or determinable.

On appeal from a summary judgment, our task is to independently determine whether an issue of material fact exists and whether the moving party is entitled to summary judgment as a matter of law. (*Brantley v. Pisaro*, *supra*, 42 Cal.App.4th at p. 1601.) "We independently review the parties' papers supporting and opposing the motion, using the same method of analysis as the trial court. Essentially, we assume the role of the trial court and apply the same rules and standards." (*Kline v. Turner* (2001) 87 Cal.App.4th 1369, 1373.) In performing our de novo review, "we must view the evidence in a light favorable to plaintiff as the losing party [citation], liberally construing her evidentiary submission while strictly scrutinizing defendants' own showing, and resolving any evidentiary doubts or ambiguities in plaintiff's favor." (*Saelzler v. Advanced Group 400*, *supra*, 25 Cal.4th at p. 768; accord, *Johnson v. American Standard, Inc*. (2008) 43 Cal.4th 56, 64.)

## II. Motion Was Properly Granted

Plaintiffs' complaint sets forth two causes of action—one entitled general negligence and the other, premises liability. Both are negligence claims. (See, e.g., *Brooks v. Eugene Burger Management. Corp*. (1989) 215 Cal.App.3d 1611, 1619 [premises liability is a form of negligence].) The essential elements of a cause of action for negligence are: (1) the defendant's legal duty of care toward the plaintiff, (2) the defendant's breach of duty—the negligent act or omission; (3) injury to the plaintiff as a result of the breach—proximate or legal cause; and (4) damage to the plaintiff. (4 Witkin, Cal. Procedure (5th ed. 2008) Pleading, § 576, p. 701; *Williams v. Beechnut Nutrition Corp*. (1986) 185 Cal.App.3d 135, 141.) In the landlord-tenant context, the Supreme Court has rejected strict product liability for injuries due to defects in the premises, limiting recovery to negligence. (See *Peterson v. Superior Court* (1995) 10 Cal.4th 1185, 1188–1189, 1210.)

Here, defendant's motion for summary judgment sought to negate the *causation* element of plaintiffs' case. In deciding whether this element was negated, we briefly

9.

review what plaintiffs' burden would be at trial to prove the causation element. In order for a plaintiff to satisfy the causation element of a negligence cause of action, he or she must show the defendant's act or omission was a substantial factor in bringing about the plaintiff's harm. (*Leslie G. v. Perry & Associates* (1996) 43 Cal.App.4th 472, 481.) "In other words, [the] plaintiff must show some substantial link or nexus between omission and injury." (*Saelzler v. Advanced Group 400*, *supra*, 25 Cal.4th at p. 778.) As summarized by the Supreme Court in *Ortega v. Kmart Corp.* (2001) 26 Cal.4th 1200:

> "'On the issue of causation, as on other issues essential to the cause of action for negligence, the plaintiff, in general, has the burden of proof. The plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant.'" (*Id.* at pp. 1205–1206.)

As emphasized by one appellate opinion in which damage or injury was caused by a fire of unknown origin, "The mere fact that the fire occurred is insufficient to raise an inference of negligence on the part of [the defendant]s," and instead, the plaintiff must "show by a preponderance of the evidence that the negligence of [the defendants] was the proximate cause of the fire. A judgment cannot be based on guesses or conjectures." (*Bartholomai v. Owl Drug Co.* (1940) 42 Cal.App.2d 38, 42.) Further, although proof of causation may be by direct or circumstantial evidence, "it must be by 'substantial' evidence, and evidence 'which leaves the determination of these essential facts in the realm of mere speculation and conjecture is insufficient.'" (*Leslie G. v. Perry & Associates*, *supra*, 43 Cal.App.4th at p. 484.) Again, "'[a] mere possibility of … causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, i*t becomes the duty of the court to direct a verdict for the defendant*.' [Citation]." (*Saelzler v. Advanced Group 400*, *supra*, 25 Cal.4th at pp. 775–776.)

As noted above, defendant's motion was supported by the deposition testimony of Fire Chief Brown and the declaration of Watts. Both witnesses were fire investigators with expertise in determining the cause of fires. The gist of their expert testimony was the particular chain of events leading to the fire remained unknown, and the best they could do under the state of the evidence was to narrow down the possibilities somewhat. The two main possibilities described by these experts were (1) combustible materials (e.g., the sofa or a blanket) were placed against or too close to the wall heater by plaintiffs, or (2) the wall heater itself malfunctioned. Both experts indicated they did not know which of these possibilities represented the actual cause of the fire. Watts added the cause must properly remain as undetermined because the state of the evidence was insufficient to reach a definite conclusion as to an exact cause.

We believe defendant's showing adequately met his initial burden as the moving party of presenting prima facie evidence that plaintiffs would not be able to establish the element of causation. Defendant's showing was such that, if uncontradicted, would leave causation an unknown matter, relegated to the realm of mere possibility and conjecture, which would be insufficient as a matter of law to support plaintiffs' negligence cause of action. Since defendant met his initial burden as moving party, the burden shifted to plaintiffs to produce evidence showing a triable issue of material fact. (§ 437c, subd. (p)(2); *Aguilar*, *supra*, 25 Cal.4th at p. 849.) Specifically, it became incumbent upon plaintiffs to "establish, by nonspeculative evidence, some actual causal link between the plaintiff's injury and the defendant's [act or omission.]" (*Saelzler v. Advanced Group 400*, *supra*, 25 Cal.4th at p. 774.) Because plaintiffs failed to come forward with evidence creating a triable issue of material fact, it is clear the trial court properly granted summary judgment. (*Id.* at pp. 780–781.)

A further ground for upholding the trial court's ruling was plaintiffs' failure to provide a separate statement in opposition to the motion, as required. (§ 437c, subd. (b)(3); Cal. Rules of Court, rule 3.1350(e).)[3]

## III.     Plaintiffs' Arguments Unpersuasive

Plaintiffs present several distinct arguments in their effort to show the trial court erred in granting summary judgment. As outlined below, we conclude plaintiffs' arguments are unpersuasive and fail to demonstrate error.

### A.     Discrepancy in Watts's Declaration

Plaintiffs argue a discrepancy in the declaration of Watts somehow reveals a triable issue of fact. That is not so. Although it is true that at one point in his declaration, Watts states the distance between the sofa and the wall heater was about 18 inches, and elsewhere he describes the distance to be about six inches, plaintiffs fail to present any evidence to show that either distance, if true, would demonstrate a causal connection between plaintiffs' damages and any act or omission on the part of defendant. Plaintiffs' hypothetical theory is that if the sofa was a "safe" distance from the wall heater (i.e., 18 inches), then the fire must have been defendant's fault. Unfortunately, the validity of plaintiffs' theory and the true significance, if any, of the actual distance of the wall heater to the sofa, have not been established by evidence. Thus, plaintiffs are improperly opposing the motion based upon mere conjecture. As aptly stated by another appellate court,

> "Once the defendant has met his or her threshold requirement, the burden shifts to the plaintiff to show the existence of one or more triable issues of material fact. [Citations.] In order to meet this burden, the plaintiff must '"set forth the specific facts showing that a triable issue of material fact exists as to that cause of action or a defense thereto."' [Citation.] A triable issue of material fact may not be created by speculation or a 'stream of conjecture and surmise.' [Citations.] Instead, the plaintiff must produce

---

[3]The hearing transcript reflects the trial court based its ruling, in part, on the failure to file a separate statement. A failure to file a separate statement in opposition is a ground for granting the motion. (§ 437c, subd. (b)(3).)

12.

'substantial responsive evidence.' [Citation.]" (*Miller v. Fortune Commercial Corp.* (2017) 15 Cal.App.5th 214, 220–221.)

Plaintiffs failed to produce such evidence.

We conclude plaintiffs' reference to the discrepancy in the declaration of Watts, without evidence to establish the significance thereof on the issue of causation, was insufficient to create a triable issue of material fact.

**B.      Failure to Warn Theory**

Plaintiffs further argue the trial court erred in granting summary judgment because, according to plaintiffs, defendant purportedly had a duty to warn about the safe placement of combustible materials in relation to the heater, and defendant's breach of such duty may have proximately caused plaintiffs' injuries from the fire. We disagree with this line of argument because plaintiffs never properly alleged a cause of action based on a failure to warn theory.

It is well-established that, for purposes of summary judgment law, "'[t]he pleadings delimit the issues to be considered on a motion for summary judgment. [Citation.]' [Citation.] Thus, a 'defendant moving for summary judgment need address only the issues raised by the complaint ....' [Citation.]" (*Laabs v. City of Victorville* (2008) 163 Cal.App.4th 1242, 1253.) "Accordingly, the burden of a defendant moving for summary judgment only requires that he or she negate [the] plaintiff's theories of liability *as alleged in the complaint*." (*Hutton v. Fidelity National Title Co.* (2013) 213 Cal.App.4th 486, 493.)

Here, the cause of action in the complaint for premises liability alleged, as the proximate cause of plaintiffs' injury, the fact the apartment "caught fire due to failure of heat source that was installed too close to combustibles." Similarly, the general negligence cause of action merely referred to defendant's ownership, control and maintenance of the premises as the ground for liability. Thus, in setting forth the facts allegedly constituting the basis for their negligence cause(s) of action, plaintiffs did *not* plead facts or describe circumstances reflecting a failure to warn theory. Accordingly,

13.

defendant's motion was not required to address such an unpled theory of liability. When defendant's motion negated the causation element of the existing negligence claims, the burden shifted to plaintiffs to demonstrate the existence of a triable issue of fact, which plaintiffs failed to do.

We note in passing that plaintiffs did check a box on their form pleading in connection with the premises liability cause of action. The checked box referenced an inapplicable code section dealing with recreational use immunity (Civ. Code, § 846) and posited a conclusory basis to overcome that statutory immunity assuming there was a willful failure to guard or warn against a dangerous condition on land. As noted by defendants, "[t]his is not a recreational use case" and thus the isolated box was plainly checked-off in error. Moreover, if plaintiffs actually wished to state a cause of action premised on a failure to warn theory, it was their obligation to explicitly state facts constituting the basis for such a cause of action, which plaintiffs did not do. (§ 425.10.)

Where a complaint is insufficient to raise a particular theory of liability, the party seeking to avoid summary judgment on the basis of such an unpled theory may timely request leave to amend the complaint prior to entry of judgment. (*Bostom v. County of San Bernardino* (1995) 35 Cal.App.4th 1654, 1663–1664.) Although plaintiffs here did not present *any* evidence in opposition to the motion, much less evidence on a failure to warn theory, we note even if they had done so, it would not have been a substitute for seeking leave to amend. "'To create a triable issue of material fact, the opposition evidence must be directed to issues raised by the pleadings. [Citation.] If the opposing party's evidence would show some factual assertion, legal theory, defense or claim not yet pleaded, that party should seek leave to amend the pleadings before the hearing on the summary judgment motion.'" (*Aleksick v. 7-Eleven*, *Inc*. (2012) 205 Cal.App.4th 1176, 1186.) Unreasonable delay in seeking leave to amend is reason by itself for denial thereof. (*Record v. Reason* (1999) 73 Cal.App.4th 472, 486–487.)

In this case, there is nothing in the record to suggest plaintiffs ever sought leave to amend. Instead, plaintiffs merely offered *argument* to the effect defendant may have failed to warn. Under the circumstances, plaintiffs' opposition did not meet their burden of demonstrating a triable issue of material fact under the negligence causes of action actually alleged in the pleadings. (See *Aleksick v. 7-Eleven*, *Inc.*, *supra*, 205 Cal.App.4th at p. 1186 [motion properly granted where opposing party merely offered argument in written opposition relating to unpled theory].) Thus, the motion was properly granted by the trial court.

For all of these reasons, no reversible error is demonstrated by plaintiffs' argument relating to a purported failure to warn theory.

### C.      Inferences from Mere Possibilities Not Sufficient

Plaintiffs argue a triable issue of fact existed, precluding summary judgment, based on potential *inferences* that arguably arose under the evidence offered by defendant. The gist of plaintiffs' argument is that since defendant's evidence indicated the fire's cause may have involved any of a number of scenarios (e.g., the sofa being placed too close to the wall heater; a blanket, pillow or other combustible item being placed too close to the wall heater; or the wall heater itself malfunctioning), and since an inference may be drawn from at least one of the possible scenarios (i.e., heater malfunction) that defendant was arguably responsible, the motion must be denied.

Plaintiffs' argument fails because it is not enough to show mere possibilities existed on the element of causation. Again, "'[a] mere possibility of … causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, *it becomes the duty of the court to direct a verdict for the defendant*.' [Citation]." (*Saelzler v. Advanced Group 400*, *supra*, 25 Cal.4th at pp. 775–776.) Further, although we consider all reasonable inferences in reviewing a summary judgment motion, a reasonable inference cannot be based on a mere possibility. (*Brautigam v. Brooks* (1964) 227 Cal.App.2d 547, 556 [inference

cannot be based upon mere possibility].)  As stated in *Leslie G. v. Perry & Associates*, *supra*, 43 Cal.App.4th 472,

> "We will not … draw inferences from thin air.  Where, as here, the plaintiff seeks to prove an essential element of her case by circumstantial evidence, she cannot recover merely by showing that the inferences she draws from those circumstances are *consistent* with her theory.  Instead, she must show that the inferences favorable to her are *more reasonable or probable* than those against her."  (*Id.* at p. 483.)

Since a mere possibility of a causal connection is insufficient to raise a triable issue of fact, this line of argument by plaintiffs fails.[4]

### D.    Untimely Spoliation of Evidence Claim

One day before the hearing of the summary judgment motion, and long after the statutory deadline for filing opposition to the motion (see § 437c, subd. (b)(2)), plaintiffs filed a "Supplemental Reply" to defendant's reply.  In this supplemental paper, plaintiffs argued for the first time that because one of defendant's experts, Watts, had mentioned in his declaration the wall heater no longer existed for inspection, the trial court should allow the case to proceed to trial based on potential spoliation of evidence by defendant.  The trial court found plaintiffs' untimely argument to be too little, too late.  We conclude the trial court did not err or abuse its discretion; that is, the 11th-hour spoliation claim was properly disregarded by the trial court under the circumstances.

By way of background, our Supreme Court has concluded that, although spoliation of evidence is not a distinct tort cause of action, Evidence Code section 413 permits the trier of fact to adopt a negative inference in cases where there is willful suppression of evidence by a party.  (*Cedars-Sinai Medical Center v. Superior Court* (1998) 18 Cal.4th 1, 11–12, 17–18.)  Evidence Code section 413 "permits the trier of fact to infer that

---

[4]Even assuming for the sake of argument plaintiffs had presented evidence the malfunctioning heater scenario was more probable than not (which plaintiffs did not do), plaintiffs *also* failed to present any evidence showing the purported malfunction of the heater was due to negligence of defendant.  Once the burden shifted, plaintiffs' burden was to present evidence of an "actual causal link between the plaintiff's injury and the defendant's [act or omission.]"  (*Saelzler v. Advanced Group 400*, *supra*, 25 Cal.4th at p. 774.)

evidence suppressed by a party was unfavorable to the party." (*Temple Community Hospital v. Superior Court* (1999) 20 Cal.4th 464, 470.)  In relevant part, Evidence Code section 413 states:  "In determining what inferences to draw from the evidence or facts in the case against a party, the trier of fact may consider, among other things, the party's … willful suppression of evidence relating thereto, if such be the case."

Plainly, the inference permissible under section 413 of the Evidence Code is one relating to evidentiary matters.  It is elementary that evidentiary matters asserted as a basis for opposing a motion for summary judgment must be timely referenced in the opposition papers, including in the opposing party's separate statement.  (§ 437c, subd. (b)(2), (3).)  Here, plaintiffs utterly failed to raise the potential Evidence Code section 413 "inference" issue in its opposition.  Indeed, as stressed by the trial court, plaintiffs failed to present *any* evidence in opposition to the motion *and* failed to file any separate statement.

Furthermore, at oral argument of the motion for summary judgment, defendant's counsel argued plaintiffs' untimely submission should not be considered by the trial court for several additional reasons:  (1) plaintiffs never made a demand for inspection of the wall heater during the litigation; (2) plaintiffs were aware of Watts's declaration at least from the time the motion was filed but failed to mention anything in their opposition about possible spoliation; and (3) the time for designation of experts had already passed, and plaintiffs never designated an expert regarding product defects.  The trial court agreed with the thrust of defendant's arguments, adding the following:

> "This case has been pending since September 2nd, 2014.  This jury trial is
> February 29th, 2016.  This motion is set barely within the 30-day period.
> All the discovery, investigation, retention of experts should have been done
> by then or a motion should have been brought to continue this in a code-
> compliant way."

The trial court concluded:

> "[T]here was not any separate statement of facts submitted and no
> information submitted about this issue until this morning, as far as I'm

17.

concerned, or whenever this supplemental reply, that is not allowed by code, was filed with the Court.  So I am going to grant the motion for the reasons that I stated on the record."

Based on the above, we conclude plaintiffs failed to demonstrate the trial court erred or abused its discretion concerning this issue.[5]

## DISPOSITION

The order and judgment of the trial court are affirmed.  Costs on appeal are awarded to defendant.

_____

PEÑA, J.

WE CONCUR:

_____

POOCHIGIAN, Acting P.J.

_____

DETJEN, J.

---

[5]At oral argument of this appeal, plaintiffs' counsel informed the court a motion to augment the record on appeal and/or for judicial notice had been presented to the clerk's office for filing that same day.  Plaintiffs' counsel represented that the purpose of the motion was to present evidence showing a triable issue of fact requiring the summary judgment motion to be denied, including records of permits and inspection information relating to the wall furnace.  The motion to augment and/or for judicial notice is denied.  It is not proper to augment the appellate record with matters that were not before the trial court.  (Cal. Rules of Court, rule 8.155.)  More importantly, it is long past the time for opposing the summary judgment motion.  Plaintiffs were required to set forth any evidence in opposition to the motion on a timely basis in their opposition papers and separate statement.  (See § 437c, subd. (b)(2), (3).)  If more time was needed for specific discovery to oppose the motion, a timely motion to continue the summary judgment hearing on that ground could have been made in the trial court.  (See § 437c, subd. (h).)

18.

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| AGUSTIN LEYVA et al.,<br><br>    Plaintiffs and Appellants,<br><br>        v.<br><br>ABEL GARCIA,<br><br>    Defendant and Respondent. | F073398<br><br>(Super. Ct. No. CV282888)<br><br>**ORDER GRANTING REQUEST FOR PUBLICATION** |

It appearing that part of the nonpublished opinion filed in the above entitled matter on February 7, 2018, meets the standards for publication specified in California Rules of Court, rule 8.1105(c), IT IS ORDERED that the opinion be certified for publication in the Official Reports with the exception of part III.


PEÑA, J.

WE CONCUR:


POOCHIGIAN, Acting P.J.


DETJEN, J.